NUMBERS 13-03-225-CR & 13-03-226-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG








STEVEN WADE LOFTIN Appellant,


v.



THE STATE OF TEXAS, Appellee.




 

On appeal from the 262nd District Court


of Harris County, Texas.







MEMORANDUM OPINION



Before Justices Hinojosa, Yañez, and Castillo



Opinion by Justice Castillo



 A jury convicted appellant Steven Wade Loftin of possession of less than one
gram of cocaine (1) and aggravated robbery. (2) The trial court sentenced him to concurrent
sentences of: (1) two years confinement in the State Jail Division of the Texas
Department of Criminal Justice for the cocaine possession; and (2) twenty years
confinement, following his plea of true to an enhancement paragraph as a repeat
felony offender, in the Institutional Division for the aggravated robbery. (3) The trial
court has certified that Loftin has the right to appeal. See Tex. R. App. P. 25.2(a)(2). 
We affirm. 

I. BACKGROUND


 The State consolidated the cocaine possession charge with the
aggravated robbery charge and tried the two cases together. See Tex. Pen. Code
Ann. § 3.02 (Vernon 2003). On appeal in both the cocaine possession case
(No. 13-03-225-CR) and the aggravated robbery case (No. 13-03-226-CR), Loftin
complains that the trial court abused its discretion in admitting evidence of prior thefts
during the culpability phase of the trial. The State responds that the evidence was
admissible in connection with the aggravated robbery charge to prove Loftin's intent
to commit theft as authorized by section 31.03(c)(1) of the penal code and rule 404(b)
of the rules of evidence. See Tex. Pen. Code Ann. § 31.03(c)(1) (Vernon 2003); Tex.
R. Evid. 404(b). The State adds that Loftin waived error by not moving for severance
and not requesting a jury instruction that the extraneous theft offenses were
admissible only for a limited purpose. In a second issue in the aggravated robbery case
(No. 13-03-226-CR), Loftin complains that the trial court's sentence was unclear. 

II. EVIDENTIARY ANALYSIS


A. The Complained-of Testimony


 A Wal-Mart employee testified he was working on August 11, 2002. Around
midnight, he noticed "a guy that came in two nights before." Loftin requested a bench
conference outside the presence of the jury and objected:

 Judge, I didn't bring this up before. I filed a motion in limine regarding
the testimony by any of the State's witnesses about extraneous thefts
or offenses without approaching the Court first for a ruling on their
admissibility. Based on her opening statement and the way this is going
on right here, he's getting ready to approach the area of the prior
shoplifting at the store which is not relevant to this. 

The State responded that Loftin had a trespass warning in place because of prior thefts
in the store. The trial court overruled the objection. On appeal, Loftin complains of
the following testimony:

 [Prosecutor]: Before August 11th had you seen this man before?


 [Employee]: Yes, ma'am. On August the 9th he was escorted out
the store for stealing a soda water. 


 [Prosecutor]: So, he had been escorted out of the store on
previous occasions?


 [Employee]: Previous occasions. 


 [Prosecutor]: For stealing a soda water?


 [Employee]: Yes, ma'am.


 [Prosecutor]: And as a result of that incident, what happened?


 [Employee]: He came back two nights after that.


 [Prosecutor]: And you were working on the 9th, and you saw that
happen?


 [Employee]: Yes, ma'am. 


 [Prosecutor]: Okay. Now, had he been in the store other times
before the 9th?


 [Employee]: Yes, ma'am. 


 [Prosecutor]: How many different occasions had you dealt with
him?


 [Employee]: I could think of three. 


 [Prosecutor]: Prior to August 9th, 2002?


 [Employee]: Yes, ma'am. 


 [Prosecutor]: Okay. And was there any rule in place at the store
regarding this individual?


 [Employee]: Yes, ma'am. 


 [Prosecutor]: Because of the prior thefts? 


 [Employee]: Yes, ma'am. 


 [Prosecutor]: Okay. What rule was in place?


 [Employee]: That he was not to come back on Wal-Mart's
property.


 [Prosecutor]: Is there something you call that at the store?


 [Employee]: He was supposed to have a trespass warrant in place.


 [Prosecutor]: A trespass affidavit?


 [Employee]: Yes, ma'am. 


 [Prosecutor]: So, he had been instructed not to come back to that
Wal-Mart anymore?


 [Employee]: Yes, ma'am.


 Loftin also complains of a security guard's testimony: 

 [Prosecutor]: Okay. Do you recall on the night of August 11th
and August 12th after midnight, do you recall being on duty that night? 


 [Guard]: Yes, ma'am. 


 [Prosecutor]: And do you recall something specific happening that
you were involved with? 


 [Guard]: Yes. 


 [Prosecutor]: What happened? 


 [Guard]: A guy came in; and I noticed him because he's a regular,
always coming on a bike. He comes in on a bike and trying to - 


 [Defense Counsel]: I would renew my objection as to any
testimony on extraneous. 


 [The Court]: Be overruled. 


 [Guard]: He comes in on the bike. 


 [Prosecutor]: He comes on a bike?


 [Guard]: Yes. 


 [Prosecutor]: Okay. 


 [Guard]: They said they had - 


 [Defense Counsel]: Object to the hearsay, anything someone else
said. 


 [The Court]: Sustained, just what you know. 


 [Guard]: He comes in on a bike all the time. 


 [Prosecutor]: Okay. 


 [Guard]: He comes in and tries to get things from out of Wal-Mart. 
This particular night I noticed the bike. I moved the bike to the side
and - 


 [Prosecutor]: Where did he usually park that bike? 


 [Guard]: In front. I moved the bike towards the carts. 


* * *


 [Prosecutor]: On the previous occasions that he would come in
the store and had stolen things, had y'all always been able to catch him?


 [Guard]: No. 


 [Prosecutor]: Why?


 [Guard]: Because he just - 


 [Defense Counsel]: Renew or [sic] objection from before, Judge.


 [The Court]: Overruled. 


 [Prosecutor]: Why? 


 [Guard]: He would just walk out and we would call the police or
whatever; and then they would never come in time. 


 [Prosecutor]: By the time they got there, he was gone? Yes? 


 [Guard]: Yes. 


 [Prosecutor]: Did y'all try to stop him on previous occasions? 


 [Guard]: Yes. 


 [Defense Counsel]: Object to the relevancy on this line of
questions on other occasions. 


 [The Court]: Overruled. 


 [Prosecutor]: What happened? 


 [Guard]: He goes too fast on his bike, and I couldn't catch him in
my cart. 


 [Prosecutor]: So, he would get away? 


 [Guard]: Yes. 


 Loftin did not request a contemporaneous limiting instruction. See Tex. R.
Evid. 105. No limiting instruction appears in the charge. 

B. Rules of Admissibility


 To be admissible, evidence must be relevant. Tex. R. Evid. 402. Relevant
evidence is evidence having any tendency to make the existence of any fact that is of
consequence to the determination of the action more probable or less probable than
it would be without the evidence. Tex. R. Evid. 401. Although relevant, evidence may
be excluded if its probative value is substantially outweighed by the danger of unfair
prejudice, confusion of the issues, misleading the jury, by considerations of undue
delay, or needless presentation of cumulative evidence. Tex. R. Evid. 403; Mozon
v. State, 991 S.W.2d 841, 846-47 (Tex. Crim. App. 1999). In other words,
rule 403 favors the admission of relevant evidence and carries the presumption
that relevant evidence will be more probative than prejudicial. Phelps v. State,
5 S.W.3d 788, 795 (Tex. App.-San Antonio 1999, pet. ref'd). 

 Rule 404 generally prohibits the use of character evidence. Montgomery v.
State, 810 S.W.2d 372, 386 (Tex. Crim. App. 1991) (op. on reh'g). Nonetheless,
evidence of "other crimes, wrongs, or acts" may be admissible if it has relevance apart
from its tendency "to prove the character of a person in order to show that he acted
in conformity therewith." Tex. R. Evid. 404(b); Montgomery, 810 S.W.2d at 386. To
preserve error over admission of extraneous-offense evidence, an accused first must
object under rule 404(b) of the rules of evidence. Tex. R. Evid. 404(b); Montgomery,
810 S.W.2d at 387; Saldivar v. State, 980 S.W.2d 475, 491 (Tex. App.-Houston
[14th Dist.] 1998, pet. ref'd). The State then must show that the proffered evidence
is relevant apart from its tendency to show that the accused is a criminal, such as
"proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or
absence of mistake or accident." Tex. R. Evid. 404(b); Montgomery, 810 S.W.2d
at 387; Saldivar, 980 S.W.2d at 491. At the accused's request, the trial court should
then require the State to articulate the limited purpose for which the evidence is
offered. Montgomery, 810 S.W.2d at 388; Saldivar, 980 S.W.2d at 491. In
considering the relevancy of the evidence, the trial court must determine, at the proffer
of the evidence, that a jury reasonably could find beyond a reasonable doubt that the
accused committed the extraneous offense. Saldivar, 980 S.W.2d at 491. 

 If the trial court determines that the extraneous-conduct evidence is relevant,
the accused then must object under rule 403 and obtain a ruling as to whether the
probative value of the evidence is substantially outweighed by its prejudicial effect. 
See Tex. R. Evid. 403; Montgomery, 810 S.W.2d at 388. When the trial court is
called on by sufficient objection to balance the probativeness and prejudice of evidence
of extraneous conduct, the probativeness generally will be the weightier consideration. 
Montgomery, 810 S.W.2d at 388. 

 Accordingly, an objection under rule 404(b) alone does not preserve error
over the admission of evidence of an extraneous offense. Objection under
rule 403 also is required. Id. Further, when an extraneous offense is admitted in the
culpability phase of a trial without a limiting instruction at the time of admission, it
may result in the jury drawing an impermissible inference about the accused's guilt
based on character conformity. Hammock v. State, 46 S.W.3d 889, 894 (Tex. Crim.
App. 2001). The danger then becomes that a later instruction in the jury charge
cannot erase the improper inference. Id. Therefore, in the absence of a timely motion
for a limiting instruction at the time the evidence is offered, the evidence is admitted
for all purposes. See id. 

C. Waiver of Evidentiary Objection


 Loftin's relevancy objection to evidence of the other thefts sufficiently apprised
the trial court of the nature of his complaint. See Montgomery, 810 S.W.2d at 388. 

However, Loftin did not object under rule 403 and obtain a ruling as to whether the
probative value of the evidence was substantially outweighed by its prejudicial effect. 
See Tex. R. Evid. 403; Montgomery, 810 S.W.2d at 388. Nor did he ask for a limiting
instruction. See Tex. R. Evid. 105(a); see also Hammock, 46 S.W.3d at 894. We
hold that Loftin waived at trial any complaint over admission of evidence of
extraneous thefts. We overrule Loftin's sole issue in the cocaine possession case
(No. 13-03-225-CR) and his first issue in the aggravated robbery case 
(No. 13-03-226-CR). 

III. Waiver of Sentencing Objection


 In his second issue in the aggravated robbery case (No. 03-226-CR), Loftin
asserts that the trial court made an unclear announcement of punishment. Implicit in
section 3(d) of article 37.07 of the code of criminal procedure, he argues, is that the
punishment assessed will be comprehensible. See Tex. Code Crim. Proc. Ann.
art. 37.07 (Vernon Supp. 2004). The pronouncement of sentence about which Loftin
complains on appeal is as follows: 

 Therefore, be [sic] order of this court you be delivered to the
Sheriff of Harris County where you shall remain until such time 20 years,
not less than 15 or more than 10, according to the rules and regulations
according to the Institutional Division. . . .


 Loftin also complains that the judgment reflects a finding of true to the
enhancement paragraph. He argues that no finding of true appears in the record. (4) The
State responds that Loftin did not preserve error. We agree. Loftin did not object in
the trial court on either of the two grounds he asserts in this issue on appeal. 

 Generally, a party's failure to timely and specifically object at trial waives error. 
See Tex. R. App. P. 33.1(a); see also Blue v. State, 41 S.W.3d 129, 131 (Tex. Crim.
App. 2000). An accused may waive even constitutional rights. Saldano v. State,
70 S.W.3d 873, 887 (Tex. Crim. App. 2002); Jenkins v. State, 912 S.W.2d 793, 815
(Tex. Crim. App. 1995) (op. on reh'g). Here, two exceptions to the general rule are
relevant and applicable to Loftin's unpreserved sentencing complaints: (1) if the
sentence is illegal; or (2) if any sentencing error is fundamental and affects a
substantial right. See Mizell v. State, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003)
(illegal sentence); (5) see also Tex. R. Evid. 103(d) (fundamental error). 

 First, Loftin now may challenge his sentence only if it was outside the maximum
range of punishment, which would be unauthorized by law and therefore illegal. 
Mizell, 119 S.W.3d at 806. Unlike most trial errors, which are forfeited if not timely
asserted, a party is not required to make a contemporaneous objection to the
imposition of an illegal sentence. Id. at 806 n.6. Here, however, the sentence
assessed by the trial court was not illegal because it was within the statutorily
permissible range for the first-degree felony of aggravated robbery enhanced by a prior
felony conviction. See Tex. Pen. Code Ann. §§ 12.42(c)(1), 29.02(a) (Vernon 2003
& Supp. 2004) (establishing range of punishment as a repeat offender for aggravated
robbery as not more than ninety-nine years or less than fifteen years). 

 Second, rule 103(d) of the rules of evidence authorizes us in a criminal case to
"take notice of fundamental errors affecting substantial rights although they were not
brought to the attention of the court." Tex. R. Evid. 103(d). "Some rights are widely
considered so fundamental to the proper functioning of our adjudicatory process as to
enjoy special protection in the system." Blue, 41 S.W.3d at 131. "A principle [sic]
characteristic of these rights is that they cannot be forfeited. That is to say, they are
not extinguished by inaction alone." Id. Instead, an accused must expressly relinquish
a fundamental right. Id. Given that Loftin's sentence was not illegal, however, we
hold that the complaints Loftin asserts for the first time on appeal are not so
fundamental as to have relieved him of the necessity of a timely, specific trial
objection. See Nunez v. State, 117 S.W.3d 309, 320 (Tex. App.-Corpus Christi
2003, no pet.) (citing Blue, 41 S.W.3d at 131). We overrule Loftin's second issue in
the aggravated robbery case (No. 13-03-226-CR). 

IV. CONCLUSION


 Having overruled each of Loftin's issues in both cases, we affirm the judgments
of conviction and sentences. 

Do Not Publish.

Tex. R. App. P. 47.2(b). ERRLINDA CASTILLO

Memorandum Opinion delivered and filed Justice

this 25th day of March, 2004. 
1. See Tex. Health & Safety Code Ann. § 481.115(a),(b) (Vernon 2003). 
2. See Tex. Pen. Code Ann. § 29.02(a) (Vernon 2003). 
3. See Tex. Pen. Code Ann. § 12.42(c)(1) (Vernon 2003). 
4. The court reporter's record reflects Loftin's plea of "true," after which the trial court stated,
"All right. Let the record reflect the enhancement paragraph, the defendant has entered a plea of true;
and that is the offense of aggravated robbery and that makes the penalty not less than 15 nor more
than 99 or life; is that correct?"
5. The court of criminal appeals in Mizell did not "address the question of whether a defendant
might, in some circumstances, be estopped from complaining, after he had enjoyed its benefits, that his
sentence was illegal or 'void' because it was below the statutory minimum." Mizell v. State,
119 S.W.3d 804, 806 n.8 (Tex. Crim. App. 2003).