COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-05-447-CR

 

 

LISA MARIE HENRY                                                             APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 415TH DISTRICT COURT OF PARKER COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. Introduction








Lisa Marie Henry was arrested
and prosecuted for the offense of possession of a controlled substance.  Henry entered a plea of no contest at her
plea hearing.  Two months later at Henry=s bench trial on punishment, the trial court made the following
statement indicating that it believed that Henry had pleaded guilty rather than
no contest.

The Court:  All right. 
The Court having accepted the plea of guilty in this matter on August
22nd, all right, State my proceed. 

 

Eventually, The trial court sentenced Henry to
two years= state jail
time, probated for five years and assessed the maximum fine of $10,000. 

II. Forfeiture

In her sole issue, Henry
argues that the trial court erred in determining her punishment because it
mistakenly believed that she had pleaded guilty at the guilt/innocence phase as
opposed to her actual plea of no contest. 
Specifically, she contends that given the circumstances of her trial
testimony during the punishment phaseCshe never admitted her guiltCit is probable that the trial court assessed the maximum fine of
$10,000 because of its concern that her testimony was at odds with her earlier
plea. 








In her brief, Henry admits
that she made no objection to her sentence at trial.  To preserve a complaint for our review, a
party must have presented to the trial court a timely request, objection, or
motion that states the specific grounds for the desired ruling if they are not
apparent from the context of the request, objection, or motion.  Tex.
R. App. P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex.
Crim. App. 1998) (op. on reh=g), cert.
denied, 526 U.S. 1070 (1999). 
Further, the trial court must have ruled on the request, objection, or
motion, either expressly or implicitly, or the complaining party must have
objected to the trial court=s refusal to
rule.  Tex.
R. App. P. 33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341 (Tex.
Crim. App. 2004).  

Because the sentence imposed
is within the punishment range and is not 
illegal, we conclude that the rights Henry asserts for the first time on
appeal are not so fundamental as to have relieved her of the necessity of a
timely, specific trial objection.[2]  See Blue v. State, 41 S.W.3d 129, 131
(Tex. Crim. App. 2000).  Thus, by failing
to object to the trial court's sentence below, Henry has forfeited her
complaint on appeal.  See Trevino v.
State  174 S.W.3d 925, 927‑928
(Tex. App.CCorpus
Christi 2005, pet. ref=d).








We also note that the trial
court was made aware during the punishment hearing that Henry had pleaded no
contest rather than guilty.  During
direct examination, Henry testified that she had entered a plea of no contest.
Additionally,  during cross-examination,
Henry was asked why she had decided to enter a plea of no contest as opposed to
guilty.  Therefore, we overrule Henry=s sole issue and affirm the trial court=s judgment. 

III. Conclusion

Having overruled Henry=s sole issue, we affirm the trial court=s judgment.

 

 

 

PER CURIAM

 

PANEL F:    MCCOY, HOLMAN, and GARDNER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
April 6, 2006

 











[1]See Tex.
R. App. P. 47.4.





[2]Indeed, Henry argues that the
alleged error is merely nonconstitutional error that affected her substantial
rights.  In contrast, a sentence outside
the maximum or minimum range of punishment is unauthorized by law and therefore
illegal.  Escochea v. State, 139
S.W.3d 67, 80 (Tex. App.CCorpus Christi 2004, no pet.)
(citing Mizell v. State, 119 S.W.3d 804, 806 (Tex. Crim. App.
2003)).  Unlike most trial errors, which
are forfeited if not timely asserted, a party is not required to make a
contemporaneous objection to the imposition of an illegal sentence.  Id. (citing  Mizell, 119 S.W.3d at 806 n. 6).  Thus, an appellate court that otherwise has
jurisdiction over a criminal conviction may always notice and correct an
illegal sentence.  Id.