HENRY V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-447-CR

LISA MARIE HENRY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 415TH DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM
 
OPINION
(footnote: 1)

------------

I. 
Introduction

Lisa Marie Henry was arrested and prosecuted for the offense of possession of a controlled substance.  Henry entered a plea of no contest at her plea hearing.  Two months later at Henry’s bench trial on punishment, the trial court made the following statement indicating that it believed that Henry had pleaded guilty rather than no contest.

The Court: All right.  The Court having accepted the plea of guilty in this matter on August 22nd
, all right, State my proceed. 

Eventually, The trial court sentenced Henry to two years’ state jail time, probated for five years and assessed the maximum fine of $10,000. 

II
. Forfeiture

In her sole issue, Henry argues that the trial court erred in determining her punishment because it mistakenly believed that she had pleaded guilty at the guilt/innocence phase as opposed to her actual plea of no contest.  Specifically, she contends that given the circumstances of her trial testimony during the punishment phase—she never admitted her guilt—it is probable that the trial court assessed the maximum fine of $10,000 because of its concern that her testimony was at odds with her earlier plea. 

In her brief, Henry admits that she made no objection to her sentence at trial.  
To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.  
Tex. R. App. P.
 33.1(a)(2); 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).  

Because the sentence imposed is within the punishment range and is not  illegal, we conclude that the rights Henry asserts for the first time on appeal are not so fundamental as to have relieved her of the necessity of a timely, specific trial objection.
(footnote: 2)  
See Blue v. State
, 41 S.W.3d 129, 131 (Tex. Crim. App. 2000).  Thus, by failing to object to the trial court's sentence below, Henry has forfeited her complaint on appeal.  
See Trevino v. State
  174 S.W.3d 925, 927-928 (Tex. App.—Corpus Christi 2005, pet. ref’d).

We also note that the trial court was made aware during the punishment hearing that Henry had pleaded no contest rather than guilty.  During direct examination, Henry testified that she had entered a plea of no contest. Additionally,  during cross-examination, Henry was asked why she had decided to enter a plea of no contest as opposed to guilty.  Therefore, we overrule Henry’s sole issue and affirm the trial court’s judgment. 

III. 
Conclusion

Having overruled Henry’s sole issue, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: MCCOY, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: April 6, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
Indeed, Henry argues that the alleged error is merely nonconstitutional error that affected her substantial rights.  In contrast, a sentence outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal.  
Escochea v. State
, 139 S.W.3d 67, 80 (Tex. App.—Corpus Christi 2004, no pet.) (citing 
Mizell v. State
, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003)).  Unlike most trial errors, which are forfeited if not timely asserted, a party is not required to make a contemporaneous objection to the imposition of an illegal sentence.  
Id
. (citing  
Mizell
, 119 S.W.3d at 806 n. 6).  Thus, an appellate court that otherwise has jurisdiction over a criminal conviction may always notice and correct an illegal sentence.  
Id
.