# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00719-CR

**Kenneth Scott Gray, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
NO. 42072, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

In 1992, appellant Kenneth Scott Gray pleaded guilty to aggravated assault with a deadly weapon and was placed on deferred adjudication supervision for ten years. A motion to adjudicate was filed in 1995, but appellant absconded and the motion was not heard until 2006. At the hearing, appellant admitted the violations alleged in the motion. He was adjudged guilty and sentenced to fourteen years' imprisonment.

Appellant's court-appointed attorney filed a brief in which he stated that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). However, our review of the record disclosed a potential error that was not frivolous. At the time it was committed, the offense in this cause was a third degree felony. Act of May 28, 1989, 71st Leg., R.S., ch. 939, §§ 1, 2, 1989 Tex. Gen. Laws 4003-04 (amended 1994). Thus, the fourteen-year sentence imposed appeared to exceed the statutory limit. The Court abated the appeal for rebriefing. *See Bledsoe v. State*,

178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

The State then filed a supplemental brief confessing error. *See Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) (holding that sentence that is outside range of punishment is illegal). Any court with jurisdiction over a criminal case may notice and correct an illegal sentence. *Id*. In light of the State's confession of error and the Court's own authority to correct an illegal sentence, further briefing was unnecessary. Therefore, the opinion abating the appeal was withdrawn.

Appellant received a copy of counsel's brief and was advised of his right to examine the appellate record and to file a pro se brief. No pro se brief has been filed. With the exception of the improper sentence, our review of the record discloses no error that might arguably support the appeal.

The judgment of conviction is affirmed with respect to the adjudication of guilt. That portion of the judgment imposing sentence is reversed and the cause is remanded for reassessment of punishment as a third degree felony. *See* Tex. Code Crim. Proc. Ann. art. 44.29(b) (West 2006).

 

_____

Bob Pemberton, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed in part; Reversed and Remanded in part

Filed: May 10, 2007

Do Not Publish

2