TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00719-CR






Kenneth Scott Gray, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 42072, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



In 1992, appellant Kenneth Scott Gray pleaded guilty to aggravated assault with a
deadly weapon and was placed on deferred adjudication supervision for ten years. A motion to
adjudicate was filed in 1995, but appellant absconded and the motion was not heard until 2006. At
the hearing, appellant admitted the violations alleged in the motion. He was adjudged guilty and
sentenced to fourteen years' imprisonment.

Appellant's court-appointed attorney filed a brief in which he stated that the appeal
is frivolous. See Anders v. California, 386 U.S. 738 (1967). However, our review of the record
disclosed a potential error that was not frivolous. At the time it was committed, the offense in
this cause was a third degree felony. Act of May 28, 1989, 71st Leg., R.S., ch. 939, §§ 1, 2, 1989
Tex. Gen. Laws 4003-04 (amended 1994). Thus, the fourteen-year sentence imposed appeared to
exceed the statutory limit. The Court abated the appeal for rebriefing. See Bledsoe v. State,
178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005); Stafford v. State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991).

The State then filed a supplemental brief confessing error. See Mizell v. State, 119
S.W.3d 804, 806 (Tex. Crim. App. 2003) (holding that sentence that is outside range of punishment
is illegal). Any court with jurisdiction over a criminal case may notice and correct an illegal
sentence. Id. In light of the State's confession of error and the Court's own authority to correct an
illegal sentence, further briefing was unnecessary. Therefore, the opinion abating the appeal
was withdrawn.

Appellant received a copy of counsel's brief and was advised of his right to examine
the appellate record and to file a pro se brief. No pro se brief has been filed. With the exception
of the improper sentence, our review of the record discloses no error that might arguably support
the appeal.

The judgment of conviction is affirmed with respect to the adjudication of guilt. That
portion of the judgment imposing sentence is reversed and the cause is remanded for reassessment
of punishment as a third degree felony. See Tex. Code Crim. Proc. Ann. art. 44.29(b) (West 2006).



 __________________________________________

 Bob Pemberton, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed in part; Reversed and Remanded in part

Filed: May 10, 2007

Do Not Publish