# NO. 12-08-00485-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

§

**IN RE: MICHAEL ALLYN KENNEDY,**
**RELATOR**
§    *JUDICIAL DISTRICT COURT OF*

§

---

## *MEMORANDUM OPINION*

In this original mandamus proceeding, Relator Michael Allyn Kennedy complains that the trial court assessed a sentence that is outside the maximum punishment range and overruled Kennedy's motion to represent himself on appeal.

This court has authority to issue a writ of mandamus in a criminal case if two conditions are met: (1) there is no adequate remedy at law; and (2) the act sought to be compelled is ministerial. *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App.1991). A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and is therefore illegal. *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). Moreover, the Sixth and Fourteenth Amendments guarantee that a person brought to trial in any state or federal court must be afforded the right to the assistance of counsel before he can be validly convicted and punished for any felony. *Faretta v. California*, 422 U.S. 806, 807-08, 95 S. Ct. 2525, 2527, 45 L. Ed. 2d 562 (1975). Those amendments also guarantee that any such defendant may waive his right to counsel and make his own defense. *Id.*, 422 U.S. at 818-20, 95 S.Ct. at 2533. A waiver of counsel, to be constitutionally effective, must be made competently, knowingly and intelligently, and voluntarily. *Collier v. State*, 959 S.W.2d 621,

625-26 (Tex. Crim. App. 1997) (citing *Godinez v. Moran*, 509 U.S. 389, 400-01, 113 S.Ct. 2680, 2687, 125 L.Ed.2d 321 (1993)). The decision to waive counsel and proceed pro se is made knowingly and intelligently if it is made with a full understanding of the right to counsel and the dangers and disadvantages of self-representation. *Faretta*, 422 U.S. at 834-36, 95 S.Ct. at 2541. The decision is made voluntarily if it is uncoerced. *Godinez*, 509 U.S. at 401 n.12, 113 S.Ct. at 2687 n.12. This right extends beyond trial into the appellate process. *Webb v. State*, 533 S.W.2d 780,784 (Tex. Crim. App. 1976).

A defendant may obtain relief from an illegal sentence on direct appeal or by a writ of habeas corpus. *Mizell*, 119 S.W.3d at 806. And when a trial court overrules a defendant's request to represent himself in a criminal trial, that ruling may be challenged on appeal. *See, e.g., Johnson v. State*, 760 S.W.2d 277, 278 (Tex. Crim. App. 1988). Consequently, Kennedy has an adequate remedy at law and cannot meet the first condition for mandamus relief. Accordingly, his petition for writ of mandamus is *denied*.

    **JAMES T. WORTHEN**
Chief Justice

Opinion delivered December 23, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)