Charles W. MIZELL, Jr., Appellant,

v.

The STATE of Texas.

No. 2444–01.

Court of Criminal Appeals of Texas, En Banc.

Nov. 5, 2003.

Anne More Burnham, San Antonio, for Appellant.

Kevin Patrick Yeary, Assistant District Attorney, San Antonio, Matthew Paul, State's Attorney, Austin, for State.

## OPINION

COCHRAN, J., delivered the opinion of the Court in which MEYERS, PRICE, WOMACK, KEASLER, HERVEY and HOLCOMB, JJ., joined.

We granted Appellant's two grounds for review to address the question of whether the State may bring a cross-point in its appellate brief arguing that the defendant's sentence is illegal when the defendant appeals his conviction but the State does not file its own notice of appeal.[1] Because we hold that any court—trial or appellate—may notice, on its own, an illegal sentence and rectify that error, the State was not obligated to file a notice of appeal before the court of appeals could address that issue. We therefore affirm the decision of the court of appeals which concluded that defendant's sentence of a fine of "$0" was not a valid sentence.[2]

### I.

Appellant, a Bexar County Sheriff's officer, was charged, in a two-count indictment, with violation of an inmate's civil rights and official oppression. A jury found him guilty of both offenses. The jury assessed a fine of $2,000 on the civil rights violation and "$0"—the equivalent of no punishment—for the official oppression offense. Appellant filed a notice of appeal for both convictions and raised four distinct claims on appeal. The State, after responding to appellant's points of error in its brief, brought what it called a cross-point of error, pointing out the fact that appellant's sentence of a fine of "$0" on the official oppression charge was not within the statutory punishment range.

The Court of Appeals addressed and rejected all of appellant's claims and agreed with the State's position on the cross-point. It stated that:

Official oppression is a Class A misdemeanor. TEX. PENAL CODE ANN. § 39.03(d) (Vernon 1994). The Texas Penal Code requires that a person found guilty of a Class A misdemeanor be punished by: "(1) a fine not to exceed $4,000; (2) confinement in jail for a term not to exceed one year; (3) or both such fine and confinement." Id. § 12.21.

The jury found Mizell guilty of official oppression but assessed no punishment. Therefore, punishment on this charge was not within the prescribed statutory range. Sentences below the statutory minimum are void.[3]

The court of appeals sustained the State's cross-point, "vacate[d] the sentence imposed for count two, and remand[ed] to the trial court for a new sentencing hearing on count two." [4]

### II.

Appellant contends that, by failing to file its own notice of appeal, "the State failed to invoke the appellate court's jurisdiction of its claim that Mr. Mizell's sentence was illegal—whether such appeal was brought pursuant to Tex.Code Crim.

---

**1.** Specifically, we granted the following grounds for review:

1. Whether the State's appeal contending appellant's sentence is illegal is an appeal pursuant to art. 44.01(b), or whether, because the State makes its appeal in a case where appellant was convicted and opted to appeal his conviction, constitutes an appeal pursuant to art. 44.01(c);

2. Whether Texas Code of Criminal Procedure article 44.01 requires the State to file a notice of appeal within the 15 day requisite period of time when the State wishes to appeal the defendant's sentence on the ground that it is illegal?

**2.** *Mizell v. State,* 70 S.W.3d 156, 163 (Tex. App.-San Antonio 2001).

**3.** *Mizell v. State,* 70 S.W.3d 156, 163 (Tex. App.-San Antonio 2001).

**4.** *Id.*

Proc. Art. 44.01(b) or (c)."[5] Appellant therefore asks this Court to reimpose an illegal sentence—a sentence that has no legal effect—because the State failed to file a notice of appeal. This we cannot do. Appellant appealed his convictions and therefore the court of appeals had jurisdiction over the two cases. A trial or appellate court which otherwise has jurisdiction over a criminal conviction may always notice and correct an illegal sentence.[6]

A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal.[7] A defendant may obtain relief from an unauthorized sentence on direct appeal or by a writ of habeas corpus.[8] Traditionally, the State could seek mandamus relief to rectify an illegal or unauthorized sentence.[9] In these instances, the

State could even seek a resentencing by filing a motion to reopen punishment in the trial court, long after that court had lost plenary jurisdiction over the case.[10] There has never been anything in Texas law that prevented *any* court with jurisdiction over a criminal case from noticing and correcting an illegal sentence.

In 1987, the State obtained a limited right to appeal certain trial court orders and rulings when the Texas Legislature enacted article 44.01 of the Code of Criminal Procedure.[11] One of the orders or rulings that the State may appeal is an illegal sentence.[12] For example, if a jury or trial court imposes a sentence of 30 days in jail after convicting a defendant of murder, the State may appeal that sentence because it is below the statutory minimum of five years imprisonment.[13]

---

**5.** Article 44.01(b) states: "The state is entitled to appeal a sentence in a case on the ground that *the sentence is illegal.*" Article 44.01(c) states: "The state is entitled to appeal a ruling on a question of law if the defendant is convicted in the case and appeals the judgment." TEX.CODE CRIM. PROC. art. 44.01(b) & (c).

**6.** Unlike most trial errors which are forfeited if not timely asserted, a party is not required to make a contemporaneous objection to the imposition of an illegal sentence. *See, e.g., Ex parte Pena*, 71 S.W.3d 336, 336–37 & n. 1 (Tex.Crim.App.2002).

**7.** *See id.* at 336 n. 2 ("[a] 'void' or 'illegal' sentence is one that is not authorized by law"); *Ex parte Seidel*, 39 S.W.3d 221, 225 n. 4 (Tex.Crim.App.2001) ("this Court has long held that a sentence is void when the punishment is unauthorized"); *Ex parte Beck*, 922 S.W.2d 181, 182 (Tex.Crim.App.1996); *Ex parte McIver*, 586 S.W.2d 851, 854 (Tex.Crim. App.1979).

**8.** *See Ex parte Pena*, 71 S.W.3d at 337 n. 4, 338. We need not here address the question of whether a defendant might, in some circumstances, be estopped from complaining, after he had enjoyed its benefits, that his sentence was illegal or "void" because it was

below the statutory minimum. *See, e.g., Ex Parte Williams*, 65 S.W.3d 656, 658–59 (Tex. Crim.App.2001) (Keller, P.J., concurring) (arguing that "an error capable of rendering a judgment or sentence void can be subject to estoppel"); *see also Collins v. State*, 509 N.E.2d 827, 833 (Ind.1987) ("a defendant may not enter a plea agreement calling for an illegal sentence, benefit from that sentence, and then later complain that it was an illegal sentence").

**9.** *See State ex rel. Vance v. Hatten*, 600 S.W.2d 828, 831 (Tex.Crim.App.1980); *State ex rel. Curry v. Gray*, 599 S.W.2d 630, 632 (Tex. Crim.App.1980).

**10.** *See Villarreal v. State*, 590 S.W.2d 938, 938–39 (Tex.Crim.App.1979); *Banks v. State*, 29 S.W.3d 642, 645 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd) (holding that State was entitled to file a motion for resentencing in trial court because defendant's original sentence was "illegal and void").

**11.** *See* Acts 1987, 70th Leg., ch. 382, § 1.

**12.** TEX.CODE CRIM. PROC. art. 44.01(b).

**13.** *See* TEX. PEN.CODE § 19.02(c) (murder is a felony of the first degree); *id.* at § 12.32(a)

The defendant, happy with the ultimate outcome in the case, is willing to quietly forego his right of appeal and serve his illegal sentence.[14] If the State wishes to appeal that sentence, it must timely file a notice of appeal to invoke the jurisdiction of the appellate courts.[15] Thus, under article 44.01(b), it is the State which initiates an appeal "on the ground that the sentence is illegal,"[16] and it must properly invoke the jurisdiction of the appellate court, even though the defendant has not done so.

■ But that did not happen in this case. Here, appellant did appeal his two convictions and thus the appellate court had jurisdiction over the cases. Once an appellate court has jurisdiction over a particular case, it has "a broad scope of review and revision" over that case.[17] Even before the State obtained a statutory right

to appeal an illegal sentence, the courts of this state could always take notice of an illegal sentence when the defendant appealed on any basis.[18] Article 44.01(b) has not done away with that ability or that duty, it has simply provided a statutory mechanism by which the State may initiate the appeal of an illegal sentence.

Because the State was not required to file a notice of appeal pursuant to article 44.01(b) before it could point out appellant's illegal sentence to the court of appeals, we need not today decide whether the State must file a notice of appeal before it raises a cross-point or cross-appeal under article 44.01(c). Therefore, we dismiss appellant's first ground for review as improvidently granted, and we affirm the decision of the court of appeals.

("[a]n individual adjudged guilty of a felony of the first degree shall be punished by imprisonment in the institutional division for life or for any term of not more than 99 years or less than 5 years").

**14.** *See, e.g., United States v. Szarwark,* 168 F.3d 993, 996 (7th Cir.1999) (advising that " 'defendants, who benefit from favorable calls under the federal sentencing guidelines, should think more than twice about appealing their cases when their appeals have little likelihood of success ... because a defendant's appeal may draw a guidelines cross-appeal when the government would [probably] not ... appeal on its own in the first instance' ") (quoting *United States v. Bradley,* 165 F.3d 594, 595 (7th Cir.1999)).

**15.** *See* Tex.Code Crim. Proc. art. 44.01(d); *State v. Riewe,* 13 S.W.3d 408, 409 (Tex.Crim.App. 2000) (stating that appellate jurisdiction over State's appeal is invoked by giving timely, written notice of appeal); *State v. Muller,* 829 S.W.2d 805, 812 (Tex.Crim.App.1992).

**16.** *See generally* 43A George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice and Procedure § 43.234, at 539–40 (2001) (discussing and distinguishing between sentences that are "wrong" and those which the State may appeal as "illegal").

**17.** *Carter v. State,* 656 S.W.2d 468, 469 (Tex. Crim.App.1983) (adopting reasoning and result of court of appeals which had held that "an appellate court does not need enabling legislation to set aside a void judgment" and concluding that "[b]ecause a void judgment is a nullity, we have inherent power to so declare it regardless of the technical requirements of an appeal") (quoting *Carter v. State,* 639 S.W.2d 13, 15 (Tex.App.-Dallas 1982)).

**18.** *See, e.g., Simmons v. State,* 156 Tex.Crim. 601, 602, 245 S.W.2d 254, 255 (1952) (noting that "no court in this state could assess a punishment that the law does not authorize"); *Rutherford v. State,* 79 Tex.Crim. 605, 605, 187 S.W. 481, 481 (1916) (reversing conviction because sentence was below the statutory minimum which required imposition of both a fine and imprisonment and defendant was assessed only a fine); *Harris v. State,* 670 S.W.2d 284, 285 (Tex.App.-Houston [1st Dist.] 1983, no pet.) (Although not raised by defendant, court of appeals can take notice of illegal sentence which exceeds statutory maximum and "has the power to reform and correct judgments and hereby does so by striking the requirement that appellant pay a fine as part of his punishment in this case").

JOHNSON, J., filed a dissenting opinion.

KELLER, P.J., concurred in the result.

JOHNSON, J., filed a dissenting opinion.

In Texas, a Class A misdemeanor is punishable by "a fine not to exceed $4000, confinement in jail for a term not to exceed one year, or both such fine and confinement." [1] No minimum fine or minimum term of confinement is specified.

The jury chose to convict appellant of official oppression, but also chose to assess as punishment neither the fine nor the term of confinement available to it under § 12.21. We cannot know why. Perhaps, the jury saw the mere fact of conviction of official oppression as sufficient punishment. Perhaps it was confused. Perhaps it saw a $2000 fine as sufficient for both charged offenses. Perhaps it decided that the state had proven its allegations beyond a reasonable doubt, but that the charged behavior was too minor to concern it; *lex non curat de minimis.*

Regardless of its reasons, the jury has chosen a sentence which falls within the specified limits. A fine of $0 does not exceed $4000, nor does no jail time exceed one year confinement. The statute speaks only in terms of maximums; unlike other statutes, such as those governing felonies and driving while intoxicated, there are no specified minimums. If a jury may assess a fine and no confinement, and if it may assess confinement and no fine then if, as here, a jury assesses no fine and no jail time, both possible components of a permissible sentence are still within the limits prescribed by the Legislature. How, then, is such a sentence illegal or unauthorized?

I submit that, while we might wish for a jury to assess punishment in terms of time or money, the statute does not require it. I respectfully dissent.