NUMBERS 13-03-671-CR AND 13-03-672-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

JEFFREY SEXTON,                                                           Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
___________________________________________________________________

On appeal from the 117th District Court
of Nueces County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Rodriguez

         After pleading guilty to four counts of indecency with a child pursuant to a plea-bargain agreement, appellant, Jeffrey Sexton, was placed on deferred adjudication,
community supervision. Upon learning that appellant had violated the conditions set
by the trial court, the State moved to revoke his community supervision and to
adjudicate guilt. Appellant pleaded true to the allegations in the State’s motion to
revoke. The trial court found that appellant violated several conditions of his
community supervision and sentenced him to seven years imprisonment on each
count, to be served consecutively for a total of twenty-eight years. At appellant’s
revocation hearing, the trial court also heard the State’s new indictment against
appellant, failure to register as a sex offender.


 See Tex. Code Crim. Proc. Ann. art.
62.10 (Vernon Supp. 2004). Without the benefit of a plea bargain, appellant pleaded
guilty to the new charge and was sentenced to four years imprisonment to run
concurrently with the four seven-year sentences. 
         Appellant appeals from both proceedings. The cases have been consolidated
for purposes of appeal. By two issues, appellant challenges the legality of the
punishment imposed. He contends that the trial court erred in: (1) commenting that
it could not consider the full range of punishment for a defendant convicted of fondling
a child; and (2) changing its oral, pronounced sentence and stacking appellant’s four
sentences after learning that the applicable statute precluded the court from imposing
the sentence it originally announced. The trial court has certified that these cases are
“not . . . plea-bargain case[s], and the defendant has the right of appeal.” See Tex.
R. App. P. 25.2(a)(2). We affirm. 
I. FACTS
         As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court’s
decision and the basic reasons for it. See Tex. R. App. P. 47.4. 
II. FAILURE TO CONSIDER ENTIRE RANGE OF PUNISHMENT
         By his first issue, appellant alleges that the trial court erred when it commented
that it could not consider the full range of punishment for a defendant convicted of
fondling a child. Appellant argues that “it is clear from the reporter’s record that the
trial court was not willing to consider the full range of punishment.” However,
appellant fails to identify where in the record the court’s alleged comment was made. 
Furthermore, we have reviewed the record and have failed to find any such comment
or inference by the trial court. “In accordance with rule 38.1(h) of the Texas Rules of
Appellate Procedure, we will only consider contentions that are supported by clear and
concise arguments with appropriate citations to authorities and to the record.” Horner
v. State, 129 S.W.3d 210, 219 (Tex. App.–Corpus Christi 2004, no pet.) (citing Tex.
R. App. P. 38.1(h)). We find that this argument is inadequately briefed, and therefore
will not consider it on appeal. Appellant’s first issue is overruled. 
III. CHANGE IN SENTENCING
         By his second issue, appellant argues that the trial court erred when it changed
its oral, pronounced sentence and stacked appellant’s four sentences upon learning
that the applicable statute did not allow the court to impose the sentence originally
announced. However, “[t]here has never been anything in Texas law that has
prevented any court with jurisdiction over a criminal case from noticing and correcting
an illegal sentence.” Mizell v. State, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). 
“A sentence that is outside the maximum or minimum range of punishment is
unauthorized by law and therefore illegal.” Id. 
         The trial court’s initial pronouncement exceeded the statutory maximum and
hence was an illegal sentence. The State immediately pointed out to the trial court
that the sentence exceeded the statutory maximum. The trial court then amended the
sentence to comply with the statute. The Texas Court of Criminal Appeals has held
that a trial court has the authority to notice and correct an illegal sentence. Id. at 805.
 Therefore, we conclude that the trial court did not err by correcting the sentence upon
determining that it exceeded the statutory maximum. Appellant’s second issue is
overruled. 
IV. CONCLUSION
         Accordingly, the judgments of the trial court are affirmed.                                                                                                
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 
filed this 1st day of July, 2004.