DeLeon v. SOT
















NUMBER 13-03-00494-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

OSCAR DELEON,
A/K/A OSCAR OZUNA DELEON,                                                Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.
                                                                                                                       

On appeal from the 36th District Court of San Patricio County, Texas.
                                                                                                                       

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo
Memorandum Opinion by Justice Hinojosa

          On February 14, 1994, appellant, Oscar DeLeon, a/k/a Oscar Ozuna DeLeon,
pleaded nolo contendere to the offense of aggravated possession of marihuana.


 The trial
court: (1) found appellant guilty; (2) assessed his punishment at ten years imprisonment
and a $1,500 fine; (3) suspended the prison sentence; and (4) placed him on community
supervision for ten years. 
          Later, the State filed a motion to revoke, alleging appellant had violated various
conditions of his community supervision. Appellant pleaded “true” to all of the allegations
in the motion. After an evidentiary hearing, the trial court found that appellant had violated
the conditions of his community supervision, revoked his community supervision, and
reassessed appellant’s punishment at five years imprisonment. The trial court has certified
that this is not a plea-bargain case, and the appellant has the right to appeal. See Tex. R.
App. P. 25.2(a)(2). In a single issue, appellant complains the trial court erred in sentencing
him for a first-degree felony, when at the time of sentencing the offense was a second-degree felony, thus constituting cruel and unusual punishment. We affirm.
          As this is a memorandum opinion not designated for publication and the parties are
familiar with the facts, we will not recite them here except as necessary to advise the
parties of our decision and the basic reasons for it. Tex. R. App. P. 47.4.
          Appellant was required to raise any complaints regarding his sentence by an appeal 
after the trial court initially assessed and suspended the sentence in 1994. Tex. Code
Crim. Proc. Ann. art. 42.12, § 23(b) (Vernon Supp. 2004) (“The right of the defendant to
appeal for a review of the conviction and punishment, as provided by law, shall be
accorded the defendant at the time he is placed on community supervision. When he is
notified that his community supervision is revoked for violation of the conditions of
community supervision and he is called on to serve a sentence in a jail or in the institutional
division of the Texas Department of Criminal Justice, he may appeal the revocation.”). 
However, appellant failed to appeal then, and any challenge now to the sentence imposed
at that time is untimely. As a consequence, he now may challenge his sentence only if it
was outside the maximum range of punishment, which would be unauthorized by law and
therefore illegal. Mizell v. State, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). 
1. Illegal Sentence
          Unlike most trial errors, which are forfeited if not timely asserted, a party is not
required to make a contemporaneous objection to the imposition of an illegal sentence. 
Id. Here, the sentence assessed by the trial court was not illegal because it was within the
statutorily permissible range for the offense of aggravated possession of marihuana on the
date appellant committed the offense. See Act of May 30, 1983, 68th Leg., R.S., ch. 425,
§ 4.051, 1983 Tex. Gen. Laws 2388-89 (amended 1993) (current version at Tex. Health
& Safety Code Ann. § 481.121(b)(6) (Vernon 2003)) (establishing range of punishment for
possession of more than fifty pounds but less than 200 pounds of marihuana at five to
ninety-nine years or life imprisonment).
2. Cruel & Unusual Punishment
          Appellant complains that the trial court erred in sentencing him for a first-degree
felony, when at the time of sentencing the offense was a second-degree felony, thus
constituting cruel and unusual punishment. The record reflects that appellant did not
object to the sentence as violating his constitutional right at the time it was announced, nor
did he raise this argument in a post-trial motion.
          To preserve a complaint of cruel and unusual punishment for appellate review,
appellant must present to the court a timely request, objection, or motion stating the
specific grounds for the ruling desired. See Tex. R. App. P. 33.1(a). It is well-settled that
even constitutional rights may be waived by a failure to object. Wright v. State, 28 S.W.3d
526, 536 (Tex. Crim. App. 2000); Quintana v. State, 777 S.W.2d 474, 479 (Tex.
App.–Corpus Christi 1989, pet. ref’d).
          By failing to object in the trial court, appellant has waived his complaint. Appellant’s
sole issue is overruled.
          We affirm the trial court’s order revoking appellant’s community supervision.
            
                                                                           FEDERICO G. HINOJOSA
                                                                           Justice


Do not publish. See Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed this the
12th day of August, 2004.