NO.
12-07-00095-CR

NO. 12-07-00096-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

§          

 

IN RE: KENNETH LEON
SNOW, §          ORIGINAL
PROCEEDING

RELATOR

§          

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Kenneth L.
Snow seeks a writ of mandamus compelling the trial court to withdraw Snow’s
guilty plea in two cases, vacate his sentences, and return him to the position
he occupied prior to entering his guilty pleas. 
We deny the petition.

            In 1998,
Snow was convicted of robbery (trial court cause number 241-80487-97) and
aggravated robbery (trial court cause number 241-80726-97) after pleading
guilty to both offenses.  He was granted
deferred adjudication probation in both cases pursuant to a plea bargain.  His deferred adjudication probation was
subsequently revoked, and he is presently serving the term of imprisonment that
was assessed upon revocation.  Snow
contends that the trial court’s grant of deferred adjudication probation in
these cases was an illegal sentence because he had been previously convicted of
a felony and deferred adjudication probation was not available to him.  He further contends that because the trial
court initially imposed illegal sentences, the sentences assessed upon
revocation are also illegal.  Therefore,
he concludes, his guilty pleas were involuntary and he is entitled to withdraw
them and be returned to the position he occupied before entering the pleas.

            In a
criminal case, mandamus is appropriate when (1) the relator has no adequate
remedy at law and (2) the act sought to be compelled is ministerial rather than
discretionary.  Ater v. Eighth
Court of Appeals, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991).  A defendant may obtain relief from an illegal
sentence on direct appeal or by a writ of habeas corpus.  Mizell v. State, 119 S.W.3d
804, 806 (Tex. Crim. App. 2003). 
Although Snow’s time for filing a notice of appeal has expired, see Tex. R. App. P. 26.2, he may seek
relief by filing a postconviction writ of habeas corpus.  See Tex.
Code Crim. Proc. Ann. § 11.07 (Vernon 2005).  Therefore, we conclude that Snow has an
adequate remedy at law.  Accordingly, we
deny the petition for writ of mandamus.

 

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

Opinion delivered March 30,
2007.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

(DO NOT PUBLISH)