# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-10-00095-CR
NO. 03-10-00096-CR
NO. 03-10-00097-CR

**Adrian Navarro, Appellant**

**v.**

**The State of Texas, Appellee**

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
NOS. D-1-DC-09-300222, D-1-DC-09-300223 & D-1-DC-09-300379;
HONORABLE FRED A. MOORE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In the first cause, a jury found appellant Adrian Navarro guilty of promotion of child pornography and assessed his punishment at imprisonment for twenty years and a $10,000 fine. *See* Tex. Penal Code Ann. § 43.26(e) (West 2003). In the other causes, the jury found appellant guilty of aggravated sexual assault of a child under six and attempted aggravated sexual assault of a child under six and assessed his punishment for each offense at imprisonment for ninety-nine years and a $10,000 fine. *See id*. § 15.01(a) (West 2003), § 22.021(a)(1)(B)(ii), (f)(1) (West Supp. 2010). In two points of error, appellant complains of prosecutorial misconduct and ineffective assistance by his trial counsel. We overrule these contentions and affirm the judgments of conviction for promotion of child pornography and aggravated sexual assault. We affirm the finding of guilt in the

attempted aggravated sexual assault case, but remand that cause for reassessment of punishment within the proper statutory range.

On January 22, 2009, Austin police officers went to appellant's apartment to investigate reports of stolen property being kept there. Appellant lived in the apartment with his common law wife, his five-year-old stepdaughter, his two-year-old daughter, and an infant son. During the initial search of the apartment, which was conducted with the wife's written consent, the officers found several photographs that appeared to be child pornography. The officers contacted the child abuse unit, and Detective Joel Pridgeon of that unit arrived shortly thereafter. After examining the photographs and confirming that they were child pornography, Pridgeon interviewed appellant outside the apartment. Appellant told Pridgeon that he had received a computer, videos, and photographs from a relative in San Angelo during a visit the previous week. According to appellant, it was only after he returned to Austin that he realized that the material he had been given included child pornography. Appellant told Pridgeon that he had been intending to throw away the material. This interview was recorded, and it was admitted in evidence and played for the jury.

Pridgeon seized the computer, a separate hard drive, the videos, and the photographs. Appellant then went with Pridgeon to the police department to give a further statement. In this statement, which was also recorded and shown to the jury, appellant repeated what he had said earlier about how he came to possess the offensive materials. After making this statement, appellant was allowed to leave.

A police computer forensic examiner searched the contents of the computer and hard drive seized at appellant's apartment. The examiner found over six hundred digital images and

nineteen videos depicting children engaged in sexual activity. One of these videos showed a man with the word "Navarro" tattooed on his abdomen placing his erect penis in the mouth of a girl who appeared to be younger than six and attempting to place his penis in the mouth of a child who appeared to be one year old. Appellant's wife was also in the video, and the background surroundings appeared to be appellant's apartment. After seeing these images, Pridgeon sought to arrest appellant but learned that he had gone to Mexico with his family.

Appellant was arrested in Mexico and returned to Austin on January 31, 2009. Appellant gave a third recorded statement, also in evidence, in which he admitted being the tattooed man in the video and identified the two children as his stepdaughter and daughter. He also admitted making the video.

The video in question was admitted in evidence and shown to the jury. The State also introduced a number of the pornographic photographs that had been discovered during the initial search of appellant's apartment. Pridgeon testified that these images bore watermarks showing that they had been downloaded from internet sites dedicated to child pornography.

Appellant testified at the guilt-innocence stage. He claimed that the police did not have consent to search the apartment, and he said that he had been coerced into making his statements. He claimed that the pornographic materials had been "planted" on his computer by another person. During cross-examination, however, appellant admitted having made the video of him placing his penis in his stepdaughter's mouth and attempting to place his penis in his daughter's mouth. Appellant described his conduct as a "[v]ery ignorant mistake" and "a bad parental decision."

3

In his first point of error, appellant complains of what he contends were improper statements made by the prosecutors during final arguments at the guilt and punishment stages of the trial. Appellant concedes that no objections were made to the statements. *See Threadgill v. State*, 146 S.W.3d 654, 670 (Tex. Crim. App. 2004) (failure to object to jury argument forfeits right to complain about argument on appeal); *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (same). Appellant urges, however, that the statements were so inflammatory and prejudicial as to deny him due process and due course of law. *See* U.S. Const. amend. XIV; Tex. Const. art. I, § 19.

To constitute a denial of due process—and to excuse a defendant's failure to object—it is not enough that a prosecutor's remarks were undesirable or even universally condemned. *Jimenez v. State*, 240 S.W.3d 384, 402 (Tex. App.—Austin 2007, pet. ref'd) (quoting *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)). Prosecutorial misconduct does not assume constitutional dimension unless the evidence is so insubstantial that it is probable that no conviction would have occurred but for the remarks. *Id.* (citing *Guidroz v. Lynaugh*, 852 F.2d 832, 838 (5th Cir. 1988)).

The prosecutorial arguments at the guilt stage of which appellant complains were:

- "When he took that stand yesterday, there was no remorse. . . . There was no apology to the victims."

Appellant contends that this was an improper reference to his non-testimonial demeanor.

- "Now, I'm never going to have enough evidence with the defense."

Appellant contends that this statement struck at him over the shoulders of counsel.

4

• "Detective Pridgeon should be commended.  In 12 years it's the best investigation I've seen.  Textbook."

Appellant asserts that this was improper bolstering and injected the personal opinion of the prosecutor.

• "And then I remember your faces when the videos were played.  The only dry eye in the house was his."

Appellant urges that this constituted a comment on appellant's failure to testify.

• "If there's ever a crime that's as heinous as this, I don't know."

Appellant argues that this injected the prosecutor's personal opinion.

• "I want you to go back there and I want you to send him a message, two messages. The first one is: What you did Adrian was wrong and you're guilty. And the second [is] we did it, we found you guilty, in a matter of minutes. . . .  And I want you to do it in minutes because there is no doubt."

Appellant contends that this argument asked the jury to render a verdict without reasoned and thorough deliberation.

Appellant's contention that the prosecutors indirectly commented on his failure to testify fails for the simple reason that appellant *did* testify.  Beyond this observation, we hold that if the complained-of comments were improper, they did not rise to the level of a denial of due process either individually or collectively.  Appellant admitted his guilt in his testimony and in his

5

statements to the police. Given appellant's admissions and the other evidence of guilt, it is highly improbable that, but for these remarks by the prosecutors, appellant would not have been convicted.

The other prosecutorial arguments cited by appellant were made at the punishment stage:

> • "There's a video out there folks. There's a video of a girl with her father's penis in her mouth. She'll never know when that surfaces."

Appellant complains that this argument assumes a fact not in evidence, namely, that he had made the video available to others.

> • "The years of therapy those kids are going [to] need, the waking up in the middle of the night when they're 30 and 40, is that video out there? What if [appellant's stepdaughter] has her own children? And they ask where's Grandpa? Or if, God forbid, one of her kids sees the video."

Appellant urges that this argument also assumes facts not in evidence and asks the jury to speculate on the victims' futures.

> • "What happens when [appellant's stepdaughter] gets a telephone call says he might be out? How is she going to feel? Imagine that."

Appellant contends that this argument improperly asks the jurors to put themselves in the victim's shoes.

> • "Make sure that when you return your verdict people in this community know enough and sentence him to the term he deserves, the same term he sentenced the victim in this case. Sentence him to life."

6

Appellant asserts that the prosecutor was improperly asserting that the community was demanding a life sentence.

Pridgeon testified that child pornography is exchanged over the internet on "peer to peer trading systems" in which "the computers will reach inside of each other and trade those photos—trade those files directly." The computer forensic examiner testified that the video of appellant abusing his daughters was found in a digital file on the computer hard drive. It was a reasonable deduction from this evidence for the prosecutor to assert that the video was "out there." The prosecutor's last argument was a proper plea for law enforcement rather than an improper appeal to community expectations.

If the remaining punishment arguments were improper, they did not, even when considered together with the arguments at the guilt stage made earlier the same day, deny appellant due process. Admittedly, the jurors assessed punishments at or near the maximums authorized by the court's charge for these offenses. But appellant was guilty of truly reprehensible conduct. Appellant not only sexually assaulted his five-year-old stepdaughter and attempted to sexually assault his two-year-old daughter, he made a video recording of these assaults and placed the recording in a computer file which could easily be transmitted to any computer linked to the internet. It is improbable that the jurors would have assessed lesser punishments if the prosecutors' arguments had not been made. Point of error one is overruled.

In point of error two, appellant contends that his trial counsel rendered ineffective assistance. To prevail on this claim, appellant must show by a preponderance of the evidence that counsel made such serious errors that she was not functioning effectively as counsel and that these

errors prejudiced appellant's defense to such a degree that he was deprived of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Perez v. State*, 310 S.W.3d 890, 892-93 (Tex. Crim. App. 2010). To satisfy the first, performance component of *Strickland*, appellant must overcome a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 688; *Perez*, 310 S.W.3d at 893. Any allegation of defective representation must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). To satisfy the second, prejudice component of *Strickland*, appellant must show that, but for counsel's deficient performance, the result of the trial would have been different. *Strickland*, 466 U.S. at 694; *Perez*, 310 S.W.3d at 893.

Appellant's principal complaint is that his trial attorney failed to object to the jury arguments discussed above. Because appellant is raising this issue for the first time on appeal, we have no evidence regarding trial counsel's reason or reasons for not objecting. But even if we were to assume that there was no justification for counsel's failure to object, appellant has not shown by a preponderance of the evidence that the result of the trial would have been different had appellant successfully objected and obtained instructions to disregard. For the reasons we have already discussed, it is improbable that the arguments were a but-for cause of either the conviction or the punishments.

Appellant cites several other instances of what he considers to be ineffective assistance. Appellant asserts that counsel failed to obtain rulings on pretrial motions, but he does not discuss the merits of these motions or explain how the failure to rule prejudiced the defense.

8

Appellant complains that his attorney did not object to the video and photographic evidence, but he does not state a basis for objection or attempt to show why the objection would have been proper. Appellant complains that his attorney asked few questions of the State's witnesses, but he does not identify fruitful areas of questioning that were not explored by counsel. Appellant complains that his attorney made short jury arguments, but he does not explain why we would be justified in second-guessing counsel in this regard. Appellant asserts that his attorney allowed him to testify in narrative form, but he does not suggest how this harmed him. Moreover, the record reflects that his attorney advised appellant not to testify. Finally, appellant complains that his attorney asked the jurors if they believed appellant's testimony. This is a reference to counsel's guilt stage argument regarding the jury charges, each of which instructed the jurors that they were to consider appellant's statements to the police only if they found beyond a reasonable doubt that the statements had been freely and voluntarily made without compulsion or persuasion. In her argument, counsel told the jurors that if they believed that appellant's statements were coerced, as he had testified, they should not consider the statements as evidence. We find no impropriety in this argument.

Appellant has not met his burden of persuasion as to either prong of *Strickland*. Point of error two is overruled.

A criminal attempt is one punishment category lower than the offense attempted. Tex. Penal Code Ann. § 15.01(d) (West 2003). Aggravated sexual assault is a first degree felony. *Id*. § 22.021(e) (West Supp. 2010). The minimum punishment for an aggravated sexual assault is increased if the victim is a child younger than six, but the offense remains a first degree felony. *Id*. § 22.021 (f)(1). Thus, attempted aggravated sexual assault of a child under six is a second degree

9

felony. The trial court erroneously instructed the jury that the attempt offense was a first degree felony, and the ninety-nine year prison term assessed by the jury and imposed in the judgment exceeds that legally authorized for the offense. A sentence not authorized by law is void. *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). Although there was no objection below and this issue is not raised by appellant, an appellate court may take notice of a void sentence. *Id*. at 807.

The judgments of conviction for promotion of child pornography and aggravated sexual assault of a child under six are affirmed. The judgment of conviction for attempted aggravated sexual assault of a child under six is affirmed as to the finding of guilt, but that portion of the judgment imposing sentence is reversed, and the cause is remanded to the district court for reassessment of punishment within the proper punishment range. *See* Tex. Code Crim. Proc. Ann. art. 44.29(b) (West Supp. 2010).

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Nos. 03-10-00095-CR and 03-10-00096-CR: Affirmed

No. 03-10-00097-CR: Affirmed in part, Reversed and Remanded in part

Filed: November 5, 2010

Do Not Publish