

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00215-CR

IN RE:   JAMIE LEE BLEDSOE

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

Jamie Lee Bledsoe has petitioned this Court for mandamus relief. Bledsoe claims to have been subjected to an illegal sentence following his criminal conviction, and to have received ineffective assistance of counsel. We deny relief.

Bledsoe claims to have been convicted of burglary of a building. He claims that during the punishment phase of his trial, the State used improper prior convictions to enhance the range of punishment. He also claims his appellate attorney has rendered ineffective assistance of counsel.

To be entitled to mandamus relief in a criminal case, a relator must show that he has no adequate remedy at law to redress his alleged harm and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

A challenge to the legality of a criminal sentence may be addressed on direct appeal. *See Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). The direct appeal of Bledsoe's conviction is pending before this Court. *See Bledsoe v. State*, cause number 06-14-00138-CR. In fact, Bledsoe's brief is not yet due, and, therefore, the direct appeal is not ripe for submission. *See* TEX. R. APP. P. 39.8. As Bledsoe has an adequate remedy by appeal should any error in the sentencing be found, mandamus is not appropriate.

As for his claim of ineffective assistance of appellate counsel, Bledsoe's appeal is still pending before this Court. Although habeas corpus is usually a preferable avenue for raising claims of ineffective assistance of counsel, such claims may be raised on direct appeal; therefore mandamus is not appropriate.

We deny Bledsoe's petition.


Bailey C. Moseley
Justice

Date Submitted:     December 17, 2014
Date Decided:       December 18, 2014

Do Not Publish