

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-14-00140-CR

---

DONNY JOE CURRY, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the County Court at Law No. 1
Hunt County, Texas
Trial Court No. CR1301625

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

In Hunt County, Texas, Donny Joe Curry's car was stopped by the Commerce Police Department for a traffic violation.[1] He had no proof that his car had been inspected and no valid license plate on the vehicle. In addition, Curry refused to provide any personal identification (other than his first name) or any proof of insurance.[2] After Curry refused to remove himself from the car upon the request (and then the demand) that he do so, Curry engaged in a struggle with the police officers, who employed a taser on him several times while attempting to place him in custody. Finally subdued and arrested, Curry was charged with his failure to identify himself when requested, his operation of an automobile without proof of financial responsibility, and his operation of an automobile on a public thoroughfare without properly displaying proof that the automobile had been inspected. After a bench trial, the trial court announced that he was found guilty on all three charges, fined Curry $250.00 for each of the three offenses, gave Curry credit for eighty-two days of jail time served (which fully satisfied the fine), and assessed court costs

---

[1]In companion cases 06-14-00139-CR through 06-14-00142-CR, Curry appeals from convictions all prosecuted against him as a result of the traffic stop, each resulting in an appeal currently pending before this Court. Curry was charged with resisting arrest (cause number 06-14-00139-CR), failure to maintain proof of financial responsibility (cause number 06-14-00140-CR), failure to display/no motor vehicle inspection (cause number 06-14-00141-CR), and failure to identify (cause number 06-14-00142-CR). After a bench trial, he was found guilty on all charges. For the offense of resisting arrest, the trial court sentenced Curry to 275 days' confinement, assessed a $250.00 fine, ordered Curry to pay court costs, and gave him credit for eighty-two days of time served. For each of the remaining three offenses, the court fined Curry $250.00, gave him credit for eight-two days of time served, which fully satisfied the fine, and assessed him court costs, but in the final judgments, there are handwritten notations that he was also sentenced to 275 days' confinement for each of the charges. Three of the appeals are being affirmed this day—two of which are being modified to delete the 275-day jail sentence—but, because no evidence shows that Curry was under arrest at any time before he failed to identify, the conviction for failure to identify is being reversed and rendered.

[2]Curry based his decision that he needed no driver's license, automobile license, or proof of insurance on his position that he was a "sovereign citizen" and, as such, was exempt from these requirements.

against him. However, the final written judgment contains a handwritten notation that Curry was also sentenced to 275 days' confinement for each of the three convictions.

In this action, Curry appeals from his conviction for failure to maintain proof of financial responsibility, arguing that the trial court imposed an illegal sentence. We modify the judgment by deleting the 275-day jail sentence and affirm the judgment, as modified.

In his sole point of error, Curry contends that the trial court imposed an illegal sentence because the 275-day jail sentence exceeds the permissible range of punishment for failure to maintain proof of financial responsibility.

A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and, therefore, illegal. *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). The punishment range for failure to maintain proof of financial responsibility is a range of fines from $175.00 to $1,000.00 (the wide range of punishment being dependent on the defendant's ability to pay and whether the defendant is a repeat offender). TEX. TRANSP. CODE ANN. §§ 601.051, 601.191 (West 2011).

At sentencing, the trial court announced the following ruling:

> Sir, in CR1301625, State of Texas versus Donny Joe Curry, having found you guilty of that offense, which is failure to maintain financial responsibility, a Class C misdemeanor, sir, I order you to pay a fine in the amount of $250, give you 82 days time served, which fully satisfies that amount.

The oral pronouncement was within the parameters of punishment permitted by the trial court for the offense with which Curry was charged. The problem lies with the additional, handwritten notation on the written judgment that Curry was also sentenced to serve 275 days' confinement in the Hunt County Jail for the offense. There were two problems with this handwritten addendum

3

to the judgment: (1) the judgment does not properly reflect the trial court's oral sentence, and (2) the sentence of 275 days' confinement in jail is clearly outside the range of punishment. *See* TEX. TRANSP. CODE ANN. §§ 601.051, 601.191.

"A defendant's sentence must be pronounced orally in his presence." *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). "The judgment, including the sentence assessed, is just the written declaration and embodiment of that oral pronouncement." *Id*. "When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls." *Id*.

Here, the trial court's written judgment does not comport with its oral pronouncement, and modification is required. Even had it conformed to the oral pronouncement, the punishment in the written judgment exceeded the punishment which could permissibly be imposed.

Accordingly, we modify the trial court's judgment to delete the 275-day jail sentence and affirm the judgment, as modified.


                                        Bailey C. Moseley
                                        Justice


Date Submitted:     April 8, 2015
Date Decided:       April 24, 2015

Do Not Publish

4