

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

———————————————

No. 07-14-00375-CR

———————————————

CALEB LOGAN HART, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 31st District Court
Gray County, Texas
Trial Court No. 9666; Honorable Steven R. Emmert, Presiding

September 21, 2015

## ORDER FOR SUPPLEMENTAL BRIEFING

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

The judgment entered in this case[1] adjudicates Appellant, Caleb Logan Hart, guilty of the offense of prohibited sexual conduct, a second degree felony.[2] In our

———

[1] This case is a companion case to four other appeals involving sexually-related offenses, to-wit: cause numbers 07-14-00371-CR, 07-14-00372-CR, 07-14-00373-CR, and 07-14-00374-CR.

[2] See TEX. PENAL CODE ANN. § 25.02(a)(1), (c) (West 2011).

review of the record in this case, we have discovered a previously unassigned, potentially meritorious issue concerning the legality of the sentence imposed.[3]

In this case, Appellant was indicted for "intentionally or knowingly engag[ing] in sexual intercourse with A.H., a person [Appellant] knew to be, without regard to legitimacy, [Appellant's] niece . . . ." *See* Tex. Penal Code Ann. § 25.02(a)(5). Except for circumstances not applicable to this case, an offense under this subsection is a felony of the third degree. *See id.* at 25.02(c). Here, the *Court's Charge on Punishment* provides, Appellant "has been found guilty by you of the offense of PROHIBITED SEXUAL CONDUCT WITH ANCESTOR OR DESCENDANT, a felony of the Second Degree." The charge further instructs the jury that the range of punishment applicable to Appellant's offense is "confinement . . . for not less than 2 years nor more than 20 years."

While the offense of prohibited sexual conduct with an actor's *ancestor or descendant* by blood or adoption is indeed a second degree felony, *id.* at § 25.02(a)(1), (c), that is not the offense applicable in this case. Appellant was charged and convicted of the offense of prohibited sexual conduct with his *niece*, a third degree felony. *Id.* at (a)(5), (c). Punishment for a third degree felony is "any term of not more than 10 years or less than 2 years." *Id.* at § 12.34(a). Because Appellant was assessed punishment as a second degree felony when he should have been sentenced as a third degree felony, it appears as though the trial court has committed fundamental error by imposing an illegal sentence.

---

[3] Appellate courts are free to review unassigned error. *See Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006). Where, as here, the issue is that of an illegal sentence, preservation of error was not required in the trial court. *See Mizell v. State*, 119 S.W.3d 804, 806 n.6 (Tex. Crim. App. 2006).

In the interest of justice and in fairness to all parties, this court hereby assigns the issue of an illegal sentence as error and directs both parties to file additional briefing. Appellant is granted thirty days from the date of this order to file a supplemental brief and the State is granted thirty days from the date that Appellant's supplemental brief is filed to file a reply brief.

It is so ordered.

Per Curiam

Do not publish.