

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-82,096-01, WR-82,096-02, & WR-82,096-03

### EX PARTE KENTRAIL RAY McCUIN, Applicant

### ON APPLICATIONS FOR WRIT OF HABEAS CORPUS
### CAUSE NOS. F-12-51308-L, F-12-51309-L, & F-12-51310-L
### IN CRIMINAL DISTRICT COURT NO. 5
### FROM DALLAS COUNTY

JOHNSON, J., filed a dissenting statement.

### D I S S E N T I N G   S T A T E M E N T

Applicant committed three offenses, evading arrest, felon in possession of a firearm, and possession of a controlled substance with the intent to deliver while in a drug-free zone, during a single criminal transaction and was tried for all three at the same time. Under the applicable statute, Tex. Penal Code §3.03, the sentences for those three offenses "shall" run concurrently. "When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be

pronounced. Except as provided by Subsection (b), the sentences shall run concurrently."[1] A separate exception, pursuant to Texas Health & Safety Code § 481.134(h), requires that a sentence for possession of a controlled substance in a drug-free zone "may not run concurrently with punishment for a conviction under any other criminal statute."

By law then, the sentences for applicant's conviction for felon in possession must run concurrently with his conviction for evading arrest, but both must run consecutively to his sentence for possession of a controlled substance in a drug-free zone. Because they do not, the sentences are illegal. Illegal sentences may be challenged at any time. *See Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003).

The trial court recognized its initial sentencing error, and we should respond accordingly. Denying relief, based on forfeiture of the claim of illegal sentences because of the appellate counsel's failure to raise the illegal stacking order when the circumstances of the claim established that relief was statutorily due, is against the clear language of the statute. Denial also discriminates against *pro se* applicants, who are unlikely to know that a claim of ineffective assistance by appellate counsel is in order.

In this case, running the two sentences concurrently has only a small effect on the length of this applicant's incarceration, while in other cases calculating the sentence correctly could markedly affect the length of an incarceration. We are tasked with interpreting the law, not only for this applicant but for all applicants, so we must state the way in which a given law affects all defendants.

---

[1] Subsection (b) creates exceptions for: (1) intoxication manslaughter and intoxication assault; (2) specific sexual offenses; (3) improper photography or possession or promotion of child pornography; (4) an offense for which the judgment contains an affirmative finding of gang-related conduct; (5) Human trafficking or compelling prostitution; and (6) injury to a child, elderly person, or disabled person if charged as a first-degree felony. None of these exceptions apply to applicant.

Because that is our task, I would reform the judgment to reflect that the sentences for evading and felon in possession shall run concurrently, and both shall run consecutively to the sentence for possession of a controlled substance in a drug-free zone, in accordance with the controlling statutes. Because the Court denies relief, I dissent.

Filed: June 22, 2016
Publish