

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00128-CR

NICHOLAS SHARP, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2015-406,506, Honorable John J. "Trey" McClendon III, Presiding

December 5, 2017

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Nicholas Sharp, appeals the trial court's judgment by which he was convicted of aggravated robbery and sentenced to ninety-nine years' imprisonment. On appeal, he contends that the imposition of said punishment amounts to cruel and unusual punishment under the United States and Texas Constitutions. We affirm.

*Background and Discussion*

A Lubbock County jury found appellant guilty of the first-degree felony of aggravated robbery and, after hearing punishment evidence, recommended a sentence

of ninety-nine years' imprisonment. Without objection, the trial court imposed punishment consistent with the jury's recommendation. Appellant filed a motion for new trial which urged only the general contention that the "verdict in this cause is contrary to the law and the evidence." On appeal, appellant maintains the sentence was disproportionate to the offense, especially in light of evidence that he has struggled with mental health issues for most of his life. The disproportionate sentence purportedly ran afoul of constitutional protections against cruel and unusual punishment.

Appellant did not raise his current complaint before the trial court when sentence was pronounced or through a motion for new trial. Thus, it was not preserved.[1] *See Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (en banc) (concluding that appellant failed to preserve argument that sentence was cruel and unusual by failing to object at trial); *Jones v. State*, No. 07-17-00055-CR, 2017 Tex. App. LEXIS 8438, at *1– 2 (Tex. App.—Amarillo Sept. 5, 2017, no pet.) (per curiam) (mem. op., not designated for publication) (holding that appellant forfeited her complaint about her sentence being excessive when she did not raise it with the trial court). Because appellant has forfeited his complaint, we overrule his sole issue.

Accordingly, we affirm the trial court's judgment.

Per Curiam

Do not publish.

---

[1] To be clear, appellant does not contend that the sentence imposed was illegal, an error which we may notice without objection. *See Mizell v. State*, 119 S.W.3d 804, 806 n.6 (Tex. Crim. App. 2003). Indeed, he acknowledges that the sentence imposed was within the statutory range of punishment for a first-degree felony. *See* TEX. PENAL CODE ANN. § 12.32(a) (West 2011). As a general rule, "the sentencer's discretion to impose any punishment within the prescribed range [is] essentially 'unfettered.'" *Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006). "Subject only to a very limited, 'exceedingly rare,' and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal." *Id.* at 323–24.