# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00581-CR

---

**Jeremy Michael Juarez, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 299TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-17-904047, THE HONORABLE KAREN SAGE, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

In one point of error, Jeremy Michael Juarez appeals from the trial court's judgment adjudicating guilt, arguing that the trial court's sentence of fifteen years' confinement was illegal because it exceeded the maximum penalty for a third-degree felony. For the following reasons, we reverse the judgment and remand the case to the trial court for a new punishment hearing.

### BACKGROUND[1]

Appellant was indicted for the second-degree felony offense of assault family violence (strangulation) with two prior convictions of assault family violence. *See* Tex. Penal Code § 22.01(b-3) (providing that offense of assault family violence with strangulation is second-degree felony if defendant has been previously convicted of assault family violence).

---

[1] We limit our discussion to the procedural facts that are necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4.

Appellant and the State entered into a plea agreement in which the State agreed to waive the two prior convictions and move to reduce the charged offense to a third-degree felony. *See id.* § 22.01(b)(2)(B) (stating that offense of assault family violence with strangulation is third-degree felony). Consistent with the plea agreement, the parties confirmed to the trial court during the plea hearing that the State was waiving "the two prior convictions" in the indictment "just because [they did not] need that language," and the indictment was amended to reduce the charged offense to a third-degree felony. *See* Tex. Code Crim. Proc. arts. 28.10 (addressing amendment of indictment), .11 (explaining how indictment is amended). A bracket with the word "waive" is handwritten on the indictment in the margin of the two alleged prior convictions. After appellant pleaded guilty, the trial court found "there's sufficient evidence to corroborate your plea of guilty" but deferred a finding of guilt. In a subsequent hearing, the trial court advised the parties that it was following the plea agreement and placed appellant on deferred adjudication community supervision for a term of ten years.[2]

Approximately two years later, the State filed a motion to proceed with adjudication of guilt. Following a hearing, the trial court found appellant guilty of the second-degree felony offense of assault family violence (strangulation) with previous convictions and sentenced him to fifteen years' confinement. Appellant filed a motion for new trial that was overruled by operation of law. This appeal followed.

---

[2] The plea agreement shows that appellant incorrectly initialed the punishment range for a second-degree felony. The trial court also incorrectly admonished appellant as to the punishment range for a second-degree felony, and the order deferring further proceedings incorrectly states that the court "found sufficient evidence to find defendant guilty of the offense of Assault Int/Reck Breath/Circ Family Violence, A Felony – Level 2." Placing appellant on deferred adjudication community supervision for a period of 10 years, however, was not an illegal sentence. *See* Tex. Code Crim Proc. art. 42A.101 (authorizing court to defer further proceedings without entering adjudication of guilt); *see also id.* art. 42A.103 (stating that in felony case, period of deferred adjudication community supervision may not exceed 10 years).

**ANALYSIS**

In his sole point of error, appellant contends that his sentence of fifteen years' confinement is an illegal sentence because the State waived his prior convictions as part of the plea agreement and, therefore, "he was charged with a third-degree felony and the maximum period of confinement was 10 years." The State agrees with appellant.

"A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal." *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). "A defendant may obtain relief from an unauthorized sentence on direct appeal or by a writ of habeas corpus." *Id.* The maximum term of confinement for an individual adjudged guilty of a third-degree felony is ten years. *See* Tex. Penal Code § 12.34(a) ("An individual adjudged guilty of a felony of the third degree shall be punished by imprisonment in the Texas Department of Criminal Justice for any term of not more than 10 years or less than 2 years.").

Although appellant was indicted for a second-degree felony, the State concedes that it waived the two prior convictions for assault family violence that were alleged in the indictment and that the charged offense in the amended indictment was a third-degree felony. *See id.* § 22.01(b)(2)(B). The handwritten "waive" on the indictment in the margin of the two alleged prior convictions was an acceptable way to amend the indictment. *See Riney v. State*, 28 S.W.3d 561, 565–66 (Tex. Crim. App. 2000) (explaining that physical interlineation of original indictment is acceptable way to amend indictment); *see also* Tex. Code Crim. Proc. arts. 28.10, .11. Thus, appellant's sentence of fifteen years' confinement exceeds the maximum range of confinement allowed by statute and, therefore, is illegal. *See* Tex. Penal Code § 12.34(a); *Mizell*, 119 S.W.3d at 806. Accordingly, we sustain appellant's point of error.

## CONCLUSION

Having sustained appellant's point of error, we reverse the judgment and remand the case to the trial court for a new punishment hearing.[3]

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Triana, and Smith

Reversed and Remanded

Filed: June 16, 2021

Do Not Publish

---

[3] The State asks this Court to reform the judgment because the trial court improperly found appellant guilty of a second-degree felony. Because we are reversing the judgment, however, the trial court necessarily will have to enter a new judgment following the punishment hearing. *Compare* Tex. R. App. P. 43.2(b) (authorizing appellate court to modify judgment and, as modified, affirm) *with id.* R. 43.2(d) (authorizing appellate court to reverse and remand for further proceedings). We are confident that the trial court's judgment following the punishment hearing will reflect that the "Degree of Offense" is "Third Degree Felony." *See Rabb v. State*, 483 S.W.3d 16, 24 (Tex. Crim. App. 2016) (remanding to trial court and ordering trial court to reform judgment and conduct punishment hearing); *see also* Tex. Code Crim. Proc. art. 44.29(b) (addressing remand for new punishment hearing).