**MODIFY, VACATE, and REMAND and Opinion Filed August 28, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00912-CR**

**No. 05-23-00913-CR**

**JOSE CALVILLO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F20-60678, F20-51752**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Smith, and Garcia
Opinion by Justice Garcia

The trial court adjudicated appellant guilty for possession of methamphetamine of less than one gram and possession of heroin of less than one gram, state jail offenses, and sentenced him to six years in prison.

Appellant now argues the punishment assessed exceeds the range of punishment for both offenses and the original orders of deferred adjudication should be modified to conform with the record. The State agrees.

We modify the original orders of deferred adjudication, vacate the trial court's judgments, and remand the cases to the trial court for a new punishment hearing.

# I. BACKGROUND

The trial court placed Appellant on community supervision for three years for two state jail felony offenses, possession of less than one gram of methamphetamine and possession of less than one gram of heroin. At the time of the original plea, the State abandoned enhancement paragraphs in one case, and did not allege enhancement paragraphs in the other case. The trial court deferred adjudication of guilt on these state jail felony offenses and placed appellant on community supervision for three years.

The State subsequently moved to adjudicate appellant's guilt, and appellant pleaded true to the allegations. The trial court assessed punishment at six years in prison.

# II. ANALYSIS

Appellant's first two issues argue the trial court imposed a sentence for the state jail felonies outside the statutory range of punishment. The State agrees.

## A. The Offenses

### F20-60678 (No. 05-23-00912-CR)

In this case, appellant was charged with possession of a controlled substance in penalty group one (methamphetamine) in an amount less than one gram, a state jail felony offense. TEX. HEALTH & SAFETY CODE ANN. § 481.115(a)–(b). The Information alleged that appellant had been previously convicted of two non-state jail felony offenses, elevating the potential range of punishment to that of a second

degree felony. TEX. PENAL CODE ANN. § 12.425(b). The State later moved to strike these enhancement paragraphs from the Information, and the motion was granted.

**F20-51752 (No. 05-23-00913-CR)**

In this case, a grand jury indicted appellant for possession of a controlled substance in penalty group one (heroin) in an amount less than one gram, a state jail felony offense. TEX. HEALTH & SAFETY CODE ANN 481.115(a)–(b). There were no enhancement allegations.

**B.     The Punishment**

Because there were no enhancements in either case, the maximum state jail felony sentence was no more than two years. *See* TEX. PENAL CODE ANN. § 12.35(c). The trial court, however, sentenced appellant to confinement for six years. The sentence exceeds the maximum punishment for state jail felonies.

A sentence outside the maximum or minimum range of punishment is unauthorized by law and therefore void. *Ex parte Hill*, 632 S.W.3d 547, 557 (Tex. Crim. App. 2021); *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). The appropriate remedy to correct a void judgment that assesses punishment outside the statutory range is to remand for a new punishment hearing. *Robertsonwomack v. State*, No. 05-22-00569-CR, 2023 WL 386322 (Tex. App.—Dallas Jan. 25, 2023, no pet.) (mem. op., not designated for publication). We sustain appellant's first two issues.

## C. The Deferred Adjudication Orders

Appellant's third issue asks this Court to modify the original deferred adjudication orders. The State agrees that modification is required.

We have the power to modify a judgment to speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd).

The order in cause number F20-60678 identifies the Degree of Offense as a "2nd Degree Felony." As we have explained, and the record reflects, the offense charged is a state jail felony. In addition, the order lists the statute for the offense as "481.112(C)." The correct statute is TEX. HEALTH & SAFETY CODE ANN. § 481.115(a)–(b).

The order in cause number F20-51752 reflects that appellant pleaded true to enhancement paragraphs and that the court found the enhancements true. The record reflects, however, that there were no enhancements in this case.

We sustain appellant's third issue and modify the deferred adjudication orders as requested.

### III. CONCLUSION

We sustain appellant's three issues. We modify the deferred adjudication order in cause number F20-60678 to reflect that the degree of offense is a state jail felony and the correct statute is TEX. HEALTH & SAFETY CODE ANN. § 481.115(a)–

(b). We modify the order in cause number F20-51752 to state "N/A" for the enhancement paragraph and court's finding on enhancements sections of the order.

We vacate the trial court's judgments and remand for a new sentencing hearing.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
230912F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOSE CALVILLO, Appellant

No. 05-23-00912-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas Trial Court Cause No. F20-60678. Opinion delivered by Justice Garcia. Justices Pedersen, III and Smith participating.

Based on the Court's opinion of this date, we **MODIFY** the deferred adjudication order to reflect that the degree of offense is a state jail felony and the correct statute is TEX. HEALTH & SAFETY CODE ANN. § 481.115(a)–(b). We **VACATE** the trial court's judgment and **REMAND** for a new punishment hearing.

Judgment entered August 28, 2024



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOSE CALVILLO, Appellant

No. 05-23-00913-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas Trial Court Cause No. F20-51752. Opinion delivered by Justice Garcia. Justices Pedersen, III and Smith participating.

Based on the Court's opinion of this date, we **MODIFY** the deferred adjudication order to state "N/A" for the enhancement paragraph and court's finding on enhancements sections of the order. We **VACATE** the trial court's judgment and **REMAND** for a new punishment hearing.

Judgment entered August 28, 2024