**REVERSE and REMAND; Opinion issued March 29, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00815-CR

### JAMES TERRANCE WHITE, Appellant
V.
### THE STATE OF TEXAS, Appellee

On Appeal from Criminal District Court No. 3
Dallas County, Texas
Trial Court Cause No. F08-33495-J

## MEMORANDUM OPINION
Before Justices Francis, Lang, and Evans
Opinion by Justice Francis

James Terrance White appeals the trial court's judgment adjudicating guilt. In three issues, appellant claims his sentence is void and he received ineffective assistance of counsel at trial. We modify the trial court's judgment to reflect appellant was found guilty of burglary of a building, reverse the trial court's judgment as to punishment, and remand this case for a new punishment hearing.

In May 2008, appellant was charged with burglary of a building and judicially confessed to burglary of a building. The order deferring adjudication erroneously listed the offense as burglary of habitation. In 2011, the State filed a motion to adjudicate. After finding appellant guilty, the trial court assessed punishment at twenty years in prison for burglary of habitation.

In his first issue, appellant claims his sentence is void. Burglary of a building is a state jail felony with a punishment range of "not more than two years or less than 180 days." TEX. PENAL CODE ANN. §§ 12.35(a), 30.02(c)(1) (West 2011 & Supp. 2012). However, appellant was assessed punishment at twenty years in prison, a term outside the punishment range for burglary of a building. Appellant requests we remand this case for a new punishment hearing, and the State agrees. *See Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) (sentence outside proscribed punishment range is void and illegal).

We sustain appellant's first issue. We modify the judgment to reflect appellant was convicted of burglary of a building. *See Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet ref'd). We reverse the trial court's judgment as to punishment and remand this case for a new punishment hearing. In light of our disposition of appellant's first issue, we need not address his remaining issues. TEX. R. APP. P. 47.1.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
120815F.U05

2



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAMES TERRANCE WHITE, Appellant

No. 05-12-00815-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 3, Dallas County, Texas
Trial Court Cause No. F08-33495-J.
Opinion delivered by Justice Francis, Justices Lang and Evans participating.

Based on the Court's opinion of this date, we **MODIFY** the trial court's judgment to reflect appellant was convicted of burglary of a building. We **REVERSE** the trial court's judgment as to punishment and **REMAND** this case to the trial court for a new punishment hearing pursuant to article 44.29(b) of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 44.29(b) (West Supp. 2012).

Judgment entered March 29, 2013.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

3