

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00141-CR

_____

DONNY JOE CURRY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 1
Hunt County, Texas
Trial Court No. CR1301627

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

# MEMORANDUM OPINION

Pursuant to a traffic stop in Hunt County, Texas, Donny Joe Curry was charged with failure to display proof of or no motor vehicle inspection.[1]  After a bench trial, Curry was found guilty. The trial court orally fined Curry $250.00, gave him credit for eighty-two days of time served, which fully satisfied the fine, and assessed court costs against him.  However, the final written judgment contained a handwritten notation indicating that Curry was also sentenced to 275 days' confinement.

Here, Curry appeals from his conviction for failure to display proof of or no motor vehicle inspection, arguing that the trial court imposed an illegal sentence.  We modify the judgment and affirm the judgment as modified.

## I.      The Judgment Must Be Reformed to Reflect the Oral Pronouncement of Sentence

In his sole point of error, Curry contends that the trial court imposed an illegal sentence because the 275-day jail sentence is outside the permissible range of punishment for failure to display proof of or no motor vehicle inspection.  A sentence that is outside the maximum or

---

[1]In companion cases 06-14-00139-CR, 06-14-00140-CR, and 06-14-00142-CR, Curry appeals from three additional convictions stemming from the traffic stop, each resulting in an appeal currently pending before this Court.  Curry was charged with resisting arrest (our cause number 06-14-00139-CR), failure to maintain proof of financial responsibility (our cause number 06-14-00140-CR), and failure to identify (our cause number 06-14-00142-CR). After a bench trial, he was found guilty on all charges.  For the offense of resisting arrest, the trial court sentenced Curry to 275 days' confinement, fined him $250.00, assessed court costs against him, and gave him eighty-two days' credit for time served.  For each of the remaining three offenses, the court fined Curry $250.00, gave him eighty-two days' credit for time served—which fully satisfied the fines—and assessed court costs against him; however, each of these three written judgments includes a handwritten notation stating that Curry was also sentenced to 275 days' confinement on each conviction.  Three of the appeals are being affirmed this day—two of which are being modified to delete the 275-day jail sentence—but, because no evidence shows that Curry was under arrest at any time before he failed to identify, the failure to identify conviction is being reversed, and a judgment is being rendered for Curry in that matter.

minimum range of punishment is unauthorized by law and, therefore, illegal. *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). Failure to have a motor vehicle inspection or to display proof of such inspection is a class C misdemeanor. TEX. TRANSP. CODE ANN. § 548.601(b) (West Supp. 2014), § 548.602(a)(1), (b) (West 2011).[2] "An individual adjudged guilty of a Class C misdemeanor shall be punished by a fine not to exceed $500." TEX. PENAL CODE ANN. § 12.23 (West 2011).

At sentencing, the trial court made the following ruling:

Sir, in Cause Number CR1301627, . . . . having found you guilty of the offense of failure to display or having no motor vehicle inspection[,] a Class C misdemeanor, . . . at this time, I do, again, having found you guilty, order that you pay a fine in the amount of $250. I give you credit against that fine amount for 82 days time that you have already served, which fully satisfies that amount.

However, as previously noted, the trial court's written judgment included an additional, handwritten notation indicating that Curry was also sentenced to 275 days' confinement in the Hunt County Jail. The judgment does not properly reflect the court's oral pronouncement of sentence and is clearly outside the permissible range of punishment. *See* TEX. PENAL CODE ANN. § 12.23; TEX. TRANSP. CODE ANN. §§ 548.601(b), 548.602(a)(1).

"A defendant's sentence must be pronounced orally in his presence." *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). "The judgment, including the sentence assessed, is just the written declaration and embodiment of that oral pronouncement." *Id*. "When there is a conflict

_____

[2]Curry's conviction is not affected by the Legislature's recent amendment of Section 548.601 and repeal of Section 548.602 because Curry was stopped and arrested on March 1, 2013, and the modifications to the statute only apply to offenses committed after March 1, 2015. *See* Act of May 26, 2013, 83d Leg., R.S., ch. 1291, § 51, 2013 Tex. Gen. Laws 3275, 3286 ("Section[] 548.601…Transportation Code, as amended by this Act, and the repeal by this Act of Section[] . . . 548.602 . . . Transportation Code, apply only to an offense committed on or after March 1, 2015.")

between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls." *Id.* Where a judgment and sentence improperly reflect the findings of the court, the proper remedy would not be reversal of the appellant's case, but modification of the judgment and the sentence. *Aguirre v. State*, 732 S.W.2d 320, 327 (Tex. Crim. App. 1982); *Asberry v. State*, 813 S.W.2d 526, 530 (Tex. App.—Dallas 1991, pet. ref'd).

Here, the trial court's written judgment does not comport with its oral pronouncement, and modifition is required. *See Aguirre*, 732 S.W.2d at 327. Accordingly, we modify the trial court's judgment by deleting the 275-day jail sentence and affirm the judgment as modified.


Ralph K. Burgess
Justice


Date Submitted:      April 8, 2015
Date Decided:        April 24, 2015


Do Not Publish

4