# NO. 12-18-00096-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TIMOTHY CRAIG BAILEY,*<br>*APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Timothy Craig Bailey appeals his conviction for evading arrest or detention with a vehicle, for which he was sentenced to imprisonment for twenty-five years. In two issues, Appellant argues that his sentence is grossly disproportionate to the crime of which he was convicted and the trial court failed properly to admonish him with regard to enhancement allegations. We reverse and remand.

### BACKGROUND

Appellant was charged by indictment with evading arrest or detention with a vehicle. The State later gave notice of its intent to submit to the factfinder that Appellant previously was convicted of two felonies—burglary of a habitation and manufacture or delivery of between one and four grams of a controlled substance in Penalty Group 1. Appellant pleaded "not guilty," and the matter proceeded to a jury trial.

Ultimately, the jury found Appellant "guilty" as charged. At his trial on punishment, Appellant pleaded "true" to the enhancement allegations, and the jury assessed his punishment at imprisonment for twenty-five years. The trial court sentenced Appellant accordingly, and this appeal followed.

## ILLEGAL SENTENCE

In his first issue, Appellant argues that the sentence imposed by the trial court amounts to cruel and unusual punishment. However, in our analysis of Appellant's first issue, we have discovered a related subissue pertaining to the legality of Appellant's sentence. We first will consider that portion of Appellant's first issue. *See* TEX. R. APP. P. 38.1(f) (statement of issue will be treated as covering every subsidiary question that fairly is included); *see also **McClure v. State***, 648 S.W.2d 667, 670 (Tex. Crim. App. [Panel Op.] 1982) (unassigned error may be considered in the interest of justice).

A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and, therefore, is illegal and void. *See **Mizell v. State***, 119 S.W.3d 804, 806, n.7 (Tex. Crim. App. 2003); *see also **Speth v. State***, 6 S.W.3d 530, 532–33 (Tex. Crim. App. 1999) ("a defendant has an absolute and nonwaiveable right to be sentenced within the proper range of punishment established by the Legislature"). Nothing in Texas law ever has prevented a court with jurisdiction over a criminal case from noticing and correcting an illegal sentence. *See **Mizell***, 119 S.W.3d at 806.

In the case at hand, Appellant was convicted of evading arrest or detention with a vehicle, a state jail felony. *See* TEX. PENAL CODE ANN. § 38.04(a), (b)(1)(B) (West 2016).[1] Considering the two enhancement allegations to which Appellant pleaded "true," the range of punishment for the offense is two to twenty years. *See **id**.* §§ 12.33(a) (West 2011), 12.425(b) (West Supp. 2018).

Thus, since Appellant was found guilty of a state jail felony, which was enhanced to a second degree felony, his twenty-five year sentence is outside the applicable range of punishment. *See **id**.* §§ 12.33(a), 12.425(b), 38.04(a), (b)(1)(B). Accordingly, we hold that the trial court erred by pronouncing an illegal sentence. *See **Mizell***, 119 S.W.3d at 806; ***Speth***, 6 S.W.3d at 532–33. Appellant's first issue is sustained in part.[2]

---

[1] It is apparent from the record that the parties mistakenly believed Appellant was charged with a third degree felony. However, neither the indictment, the evidence presented at trial, nor the court's charge indicate that Appellant previously was convicted under Section 38.04 or that another person suffered serious bodily injury as a direct result of an officer's attempt to apprehend Appellant as he fled. *See, e.g.,* TEX. PENAL CODE ANN. § 38.04(b)(2).

[2] As a result of our disposition of this part of Appellant's first issue, we do not consider the remainder of his first issue or his second issue. *See* TEX. R. APP. P. 47.1.

## DISPOSITION

Having sustained Appellant's first issue in part, we *reverse* the trial court's judgment to the extent it imposed an illegal sentence and *remand* the cause to the trial court for a new punishment hearing consistent with this opinion.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered December 12, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 12, 2018**

**NO. 12-18-00096-CR**

**TIMOTHY CRAIG BAILEY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd District Court

of Anderson County, Texas (Tr.Ct.No. 3CR-17-33121)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **reversed** to the extent it imposed an illegal sentence and the cause **remanded** to the trial court **for a new punishment hearing** in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*