

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00433-CR
_____

BRANDON LYN JORDAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from 181st District Court
Potter County, Texas
Trial Court No. 72,649-B-CR; Honorable John Board

July 26, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Following a plea of not guilty, Appellant, Brandon Lyn Jordan, was convicted by a jury of evading arrest or detention with a vehicle.[1] The conviction was enhanced by two prior felony convictions to which Appellant entered pleas of not true. Punishment was

---

[1] TEX. PENAL CODE ANN. § 38.04(b)(1)(B) (West 2016). The underlying proceeding was a retrial following a mistrial.

assessed at fifty-five years confinement.[2] Presenting three issues on appeal, Appellant maintains (1) his sentence is illegal and he should receive a new punishment hearing; (2) the trial court erred by allowing an impermissibly suggestive in-court identification procedure during the punishment phase of trial; and (3) the trial court improperly allowed the State to connect judgments to him which essentially lowered the State's burden of proof. In response, the State candidly concedes that Appellant's sentence was improperly enhanced with a juvenile adjudication and that he is entitled to a new punishment hearing. The State disagrees with Appellant's second and third issues but asserts they are not outcome-determinative and foregoes presenting argument on them. As Appellant's conviction is not challenged, we affirm that portion of the judgment pertaining to his conviction but reverse that portion of the judgment pertaining to punishment and remand the cause to the trial court for a new punishment hearing.

### BACKGROUND

On August 8, 2016, at approximately 3:00 a.m., Officer Nicholas Burns was on patrol in search of a vehicle in an unrelated investigation when he observed a vehicle driving toward him without the use of headlights.[3] Officer Burns turned around to position his vehicle behind the suspect's vehicle. At the time, he also believed the vehicle was exceeding the posted speed limit in a residential area. While Officer Burns was in pursuit, he observed the driver, later identified as Appellant, make a turn without using a turn

---

[2] An offense "punished as" a higher offense raises the level of punishment, not the degree of the offense. *Oliva v. State*, 548 S.W.3d 518, 526-27 (Tex. Crim. App. 2018). In the underlying case, punishment for the third-degree felony offense of evading arrest with a vehicle was elevated under section 12.42(d) of the Texas Penal Code, albeit erroneously, to that of a special punishment felony with a punishment range of not more than ninety-nine years or less than twenty-five years confinement. TEX. PENAL CODE ANN. § 12.42(d) (West 2019).

[3] The driver of the vehicle eventually turned the headlights on.

2

signal.  The officer activated his patrol vehicle's emergency lights and initiated a traffic stop.

Appellant pulled over to the left side of the road as if to stop but instead drove away in excess of the posted speed limit.  After a brief chase, Appellant drove into an alley, exited his vehicle, and fled on foot.  Officer Burns pursued him on foot and eventually apprehended him.  He was arrested and indicted for evading arrest with a vehicle.

The indictment contained one enhancement paragraph for a prior felony conviction of tampering with physical evidence with intent to impair from 2006.  Within days of the commencement of trial, the State filed its *Notice of State's Intent to Use Prior Conviction for Enhancement of Punishment* listing a prior felony conviction for burglary of a habitation from 1999, when Appellant was a juvenile, and a second prior felony conviction for unlawful possession of a firearm by a felon from 2006.

A jury convicted Appellant of the primary offense of evading arrest with a vehicle.  Just prior to commencement of the punishment phase of trial, Appellant voluntarily absconded from the proceedings and the punishment phase continued without him.  On behalf of Appellant, defense counsel entered pleas of not true to the enhancement paragraphs.   He also objected to the State's intent to use prior convictions for enhancement purposes, including the juvenile adjudication from 1999.  After a lengthy colloquy, the trial court overruled those objections.

As the punishment phase continued, the State introduced numerous photographs into evidence of suspected stolen items that were found in Appellant's vehicle after he was arrested.  One of the owners of the stolen property testified during the punishment

3

phase. When he was asked about the identity of the suspected burglar, the witness was shown a book-in photo of Appellant for identification purposes since he had absconded from the proceedings. Defense counsel objected to the procedure as suggestive. The prosecutor argued the book-in photo was not suggestive—the jury had already found Appellant guilty.[4] Over defense counsel's objection, the trial court allowed the use of the photo so long as the custodian of records from the sheriff's office authenticated the photo.[5] At the conclusion of the punishment phase, the jury returned its verdict finding both enhancement paragraphs to be true and sentencing Appellant to fifty-five years confinement.

### APPLICABLE LAW

An illegal sentence has no legal effect. *See Ex parte Rich*, 194 S.W.3d 508, 512 (Tex. Crim. App. 2006). *See also Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) ("A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal."). A party is not required to make an objection to raise the issue of an illegal sentence on appeal. *Mizell*, 119 S.W.3d at 806.

### ANALYSIS

After Appellant filed his brief, the State responded by candidly conceding that Appellant's first issue is well-taken and that error occurred in enhancing Appellant's felony conviction with a prior juvenile adjudication. As pointed out by Appellant, juvenile adjudications treated as final felony convictions for enhancement purposes are permitted

---

[4] The witness had previously identified Appellant in the earlier mistrial.

[5] A photo was also used to identify Appellant when his ex-wife's grandmother testified.

4

only under subsection (a), (b), and (c)(1) of the habitual felony statute while subsection (d) is excluded. *See* TEX. PENAL CODE ANN. § 12.42(f) (West 2019) (providing that for purposes of subsections (a), (b), and (c)(1), "an adjudication by a juvenile court . . . is a final felony conviction"). Juvenile adjudications were intentionally excluded from the habitual offender statute. *See Vaughns v. State*, No. 04-10-00364-CR, 2011 Tex. App. LEXIS 1901, at *11 (Tex. App.—San Antonio March 16, 2011, pet. ref'd) (mem. op., not designated for publication). Consequently, the State erroneously used Appellant's prior juvenile adjudication to double-enhance his conviction. Appellant's first issue is sustained. Given our disposition of issue one, Appellant's second and third issues are pretermitted since the alleged errors also occurred during the punishment phase of trial. *See* TEX. R. APP. P. 47.1.

### CONCLUSION

We affirm the judgment of conviction, reverse the judgment as to punishment, and remand the cause to the trial court for a new punishment hearing.[6]


Patrick A. Pirtle
Justice


Do not publish.

---

[6] We note that the *Court's Charge on Punishment* in this case did not properly charge a double-enhanced felony under section 12.42(d) in that it did not require a jury finding that the second previous felony conviction was final prior to the commission of the primary offense. *See generally Bell v. State*, No. 07-18-00173-CR, 2019 Tex. App. LEXIS 6362, at *1-2 (Tex. App.—Amarillo July 24, 2019, no pet. h.) (mem. op., not designated for publication) (addressing the State's burden of proof under section 12.42(d) when using two prior felony convictions to enhance a felony conviction).