# NO. 12-19-00376-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MICHAEL ALLEN FORE,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW NO. 2* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Michael Allen Fore appeals his conviction for reckless driving. In two issues, Appellant challenges the sufficiency of the evidence and the legality of his sentence. We affirm.

### BACKGROUND

Appellant was charged by information with reckless driving. He pleaded "not guilty," and the matter proceeded to a jury trial.

At trial, the undisputed evidence showed that Lufkin Police Department patrol officers Gerardo Salinas and Scott Wilcox were speaking with a complainant in a convenience store parking lot on Denman Avenue and Timberland Drive about an unrelated matter when they heard the sound of squealing tires. They looked in the direction of the sound and saw Appellant's pickup truck. The officers then saw Robert Clayton riding a bicycle in the vicinity of the truck. Appellant stopped the truck in the roadway and then moved partially into the parking lot. The course of events caused Clayton to jump off his bicycle.

Ultimately, the jury found Appellant "guilty" as charged. After giving both parties an opportunity to present punishment evidence, the trial court assessed Appellant's punishment at confinement for thirty days, suspended for a term of two years, and a $200.00 fine. This appeal followed.

In Appellant's first issue, he argues that the evidence is insufficient to support his conviction because there is no or only a modicum of evidence that he drove recklessly, and the evidence conclusively establishes a reasonable doubt.

## Standard of Review and Applicable Law

The *Jackson v. Virginia*[1] legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See Jackson*, 443 U.S. at 315-16, 99 S. Ct. at 2686-87; *see also Escobedo v. State*, 6 S.W.3d 1, 6 (Tex. App.—San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *see also Johnson v. State*, 871 S. W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *Johnson*, 871 S.W.2d at 186. This requires the reviewing court to defer to the jury's credibility and weight determinations, because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 899; *see Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. A "court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed. 2d 642 (1982).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the state's burden of proof or unnecessarily restrict

---

[1] 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979).

the state's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

To prove Appellant guilty of reckless driving as charged in this case, the State was required to prove that he drove a vehicle in willful or wanton disregard for the safety of persons or property, namely spinning in a roadway and/or turning aggressively toward a bicyclist. *See* TEX. TRANSP. CODE ANN. § 545.401(a) (West 2011).

**Analysis**

Appellant argues that the evidence is insufficient to sustain his conviction because he testified that he made the erratic movements to avoid hitting Clayton, and no evidence contradicts his testimony. We disagree.

At trial, Officer Salinas testified that when he heard the sound of tires squealing, he looked and saw Appellant's pickup truck traveling east on Denman Avenue. Salinas said that Clayton was cycling west across the parking lot entrance. Appellant passed the entrance, made at least a full 360-degree turn in the roadway,[2] and stopped. He then drove toward Clayton, who jumped off his bicycle and threw it to the ground. To Salinas, it appeared that Appellant was trying to hit Clayton. Appellant immediately exited the vehicle. Officer Wilcox charged toward Appellant, and Salinas helped Wilcox subdue him. Salinas said that Wilcox was in a better position than he to see more of Appellant's travel on Denman.

Officer Wilcox testified that when he heard the sound of tires squealing, he looked and saw Appellant's pickup truck spinning in circles or "doing donuts" on Denman Avenue and Timberland Drive. Wilcox heard the truck make at least one complete circle before he looked and saw it spin about two or three more times. Wilcox saw Clayton cycle away from the area of the truck. Appellant pursued Clayton in the truck, exited the truck, and looked like he was going to chase Clayton on foot. To Wilcox, Appellant's actions seemed intentional.

Appellant testified that he was driving north on Timberland Drive and began turning left on Denman Avenue. Clayton was cycling south on Timberland approaching Denman. He shined a flashlight and laser light through Appellant's passenger side window. The flashlight appeared to Appellant to be a gun because of the laser light. Appellant thought that he and Clayton were about to collide, so he swerved left to avoid hitting Clayton and "spun out in the

---

[2] Salinas said that it sounded like Appellant made more than one 360-degree turn, but he only saw one such turn.

middle of the road." Appellant said his truck spun about 270 degrees and stopped facing the parking lot entrance. At that point, Appellant looked at Clayton and recognized him. Clayton made an obscene hand gesture at Appellant. Then Appellant decided to move his vehicle off the road. While Appellant was trying to enter the parking lot, Clayton rode his bicycle in front of the truck, threw his bicycle down, and ran away.

Although Appellant testified to facts that could justify a finding of reasonable doubt if believed by the jury, the jury was not required to believe his testimony, and other evidence in the record supports the jury's verdict of guilt. *See Brooks*, 323 S.W.3d at 899; *see also Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789, 2793. The officers testified that Appellant performed multiple "donuts" in the roadway near a bicyclist, stopped, and drove toward the bicyclist, and his actions appeared intentional. The jury could have reasonably believed the officers' story over Appellant's. Appellant told the jury that he "spun out" while trying to avoid hitting Clayton. However, he did not explain why he thought he was going to hit Clayton when, according to Appellant, Clayton was not in front of Appellant's truck but on the passenger side. The jury could reasonably conclude that Appellant's testimony that Clayton rode his bicycle into the path of Appellant's truck, threw it down, and ran away does not seem plausible. Viewing the evidence in the light most favorable to the jury's verdict, we conclude that the jury was rationally justified in finding, beyond a reasonable doubt, that Appellant committed reckless driving. *See* TEX. TRANSP. CODE ANN. § 545.401(a); *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Brooks*, 323 S.W.3d at 899. Accordingly, we overrule Appellant's first issue.

**LEGALITY OF SENTENCE**

In Appellant's second issue, he contends that his sentence is illegal because it exceeds that which is authorized by statute.

**Applicable Law**

A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal. *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). An appellate court that otherwise has jurisdiction over a criminal conviction may always notice and correct an illegal sentence. *Id.*

**Analysis**

Appellant's offense was punishable by (1) a fine not to exceed $200.00, (2) confinement in county jail for not more than thirty days, or (3) both the fine and the confinement. *See* TEX. TRANSP. CODE ANN. § 545.401(b). The trial court sentenced him to confinement for thirty days, suspended for a term of two years, and a $200.00 fine. As a condition of Appellant's community supervision, the trial court required that he be confined in jail for thirty days.

On appeal, Appellant argues that his sentence exceeds the maximum range of punishment because the trial court assessed his punishment at confinement for thirty days and imposed a community supervision condition of confinement for thirty days. We disagree.

The confinement condition cannot render Appellant's sentence illegal because it is not a part of the sentence. *See Speth v. State*, 6 S.W.3d 530, 532 (Tex. Crim. App. 1999) ("community supervision is not a sentence or even a part of a sentence"). "The Code of Criminal Procedure defines community supervision as involving a *suspension of the sentence.*" *See id.*; TEX. CODE CRIM. PROC. ANN. art. 42A.001(1)(B) (West 2018). "In other words, community supervision is an arrangement *in lieu of* the sentence, *not as part of* the sentence." *See Speth*, 6 S.W.3d at 532. Because the thirty days' confinement imposed as a condition of Appellant's community supervision is not part of his sentence, the trial court's sentence is only confinement for thirty days, suspended for a term of two years, and a $200.00 fine. *See id.* This sentence is within the statutorily authorized range of punishment. *See* TEX. TRANSP. CODE ANN. § 545.401(b). Therefore, the sentence is not illegal. *See Mizell*, 119 S.W.3d at 806. Accordingly, we overrule Appellant's second issue.

**DISPOSITION**

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered September 9, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 9, 2020**

**NO. 12-19-00376-CR**

**MICHAEL ALLEN FORE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Court at Law No. 2

of Angelina County, Texas (Tr.Ct.No. 18-0321)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*