

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00145-CR

_____

DAVID WAYNE BLACK, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 4
Tarrant County, Texas
Trial Court No. 0976642R

---

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

# MEMORANDUM OPINION

Appellant David Wayne Black attempts to appeal his convictions for two counts of aggravated assault with a deadly weapon and one count of violation of a protective order. Although the trial court imposed his sentences on October 5, 2005, making any notice of appeal due November 4, 2005, he filed a notice of out-of-time appeal on October 20, 2021, seeking an extension to appeal and arguing that he may collaterally attack his convictions because the sentences are void. *See* Tex. R. App. P. 26.2(a), 26.3. We notified Black that we questioned our jurisdiction over his appeal given that his notice of appeal and extension request were filed sixteen years after his sentences had been imposed. *See* Tex. R. App. P. 44.3. Black responded but other than reasserting his need for an extension, he has not further addressed our jurisdiction.

If a notice of appeal is not timely filed, we have no choice but to dismiss the appeal for want of jurisdiction. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012) (citing *Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996)); *cf. Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) (holding trial or appellate court may correct illegal sentence if the court "otherwise has jurisdiction" over the conviction). Black's exclusive remedy at this point is by way of a post-conviction writ of habeas corpus, not a direct appeal. *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 3; *see also id.* § 5 (providing that after final conviction, habeas corpus procedure is

"exclusive"). Thus, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App.

P. 43.2(f).

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  February 3, 2022