

# IN THE
# TENTH COURT OF APPEALS

## No. 10-23-00363-CR

**LISANDRO CARRILLO-VELASQUEZ,**

                                **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                **Appellee**

---

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2023-116-C1

---

## MEMORANDUM OPINION

---

Lisandro Carrillo-Velasquez was convicted of one count of solicitation of prostitution of a minor and one count of aggravated kidnapping and sentenced to 10 years and 20 years in prison, respectively. Because Carrillo-Velasquez's sentence in Count I, solicitation of prostitution of a minor is illegal, the trial court's judgment as to Count I is reversed and is remanded to the trial court. Because Carrillo-Velasquez's remaining issues are either not preserved or moot, the trial court's judgment as to Count II is affirmed.

**BACKGROUND**

In November of 2022, 15-year-old Jane Doe left home after having an argument with her mother. While out, she encountered Carrillo-Velasquez. After a short conversation, Carrillo-Velasquez then began to drag Doe into his apartment. Doe was pushed down on the bed, and Carrillo-Velasquez got on top of her. Doe repeatedly declined to have sex with Carrillo-Velasquez. However, he tried to convince Doe to have sex by offering her $500 and the opportunity to stay and live with him. Eventually, Doe escaped by running out the door when Carrillo-Velasquez opened it to see if the police were outside. Ultimately, Carrillo-Velasquez was arrested at his apartment.

**ILLEGAL SENTENCE**

Carrillo-Velasquez asserts in his first issue that his sentence in Count I is illegal because the Penal Code statute under which Carrillo-Velasquez was charged and convicted did not allow for a punishment enhancement to a second-degree felony as was charged at punishment, assessed by the jury, and pronounced by the trial court. Thus, his argument continues, we are required to remand the judgment in Count I to the trial court for a new trial on punishment.

*Law*

A defendant has an absolute and nonwaivable right to be sentenced within the proper range of punishment established by the Legislature. *Speth v. State*, 6 S.W.3d 530, 532-33 (Tex. Crim. App. 1999). A sentence that is outside the range of punishment authorized by law is considered illegal, and a defendant may obtain relief from an illegal sentence on direct appeal or by a writ of habeas corpus. *Ex parte Parrott*, 396 S.W.3d 531,

534 (Tex. Crim. App. 2013); *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). A contemporaneous objection to the imposition of an illegal sentence is not required. *Mizell*, 119 S.W.3d at 806 n.6. The proper remedy for an illegal sentence is a new punishment hearing. *See* TEX. CODE CRIM. PROC. art. 44.29(b); *Splawn v. State*, 160 S.W.3d 103, 107-08 (Tex. App.—Texarkana 2005, pet. ref'd).

*Charge*

Carrillo-Velasquez was indicted in January of 2023 for committing the offense of solicitation of prostitution of a minor occurring on November 6, 2022. That indictment charged Carrillo-Velasquez with:

> …knowingly offer a fee to another person, namely JANE DOE, a pseudonym, for the purpose of engaging in sexual conduct, namely sexual intercourse, with JANE DOE, a pseudonym, a person who was younger than 18 years of age, and the fee constituted money….

In August of 2023, a superseding indictment charged the same conduct:

> …knowingly offer a fee to another person, namely JANE DOE, a pseudonym, for the purpose of engaging in sexual conduct, namely sexual intercourse, with JANE DOE, a pseudonym, a person who was younger than 18 years of age, and the fee constituted money….

The Penal Code statute in effect on the date of the offense and at the time both indictments were handed down provided:

> (a) A person commits an offense if the person knowingly offers or agrees to pay a fee to another person for the purpose of engaging in sexual conduct with that person or another.

2021 Tex. HB 1540, 2021 Tex. Gen. Laws 807, 2021 Tex. Ch 807, 2021 Tex. ALS 807 (former Penal Code section 43.021(a)). The jury was charged with and found Carrillo-Velasquez guilty of this offense as stated in the superseded indictment.

The statute also provided that an offense under subsection (a) was a state jail felony *except* in certain circumstances:

(1) a felony of the third degree if the actor has previously been convicted of an offense under Subsection (a) or under Section 43.02(b), as that law existed before September 1, 2021; or

(2) *a felony of the second degree* if the person with whom the actor *agrees to engage in sexual conduct* is:

    (A) younger than 18 years of age, regardless of whether the actor knows the age of the person at the time of the offense;

    (B) represented to the actor as being younger than 18 years of age; or

    (C) believed by the actor to be younger than 18 years of age.

2021 Tex. HB 1540, 2021 Tex. Gen. Laws 807, 2021 Tex. Ch 807, 2021 Tex. ALS 807 (former Penal Code section 43.021(b)) (Emphasis added).

*Application*

During the punishment phase of the trial, the jury was charged with assessing Carrillo-Velasquez's punishment "at confinement in the Texas Department of Criminal Justice, Institutional Division for any term of years not less than two (2) years nor more than twenty (20) years;" and, additionally, assessing "a fine in any amount not to exceed $10,000.00." The jury assessed a 20-year term of confinement in prison and a $5,000 fine. However, the punishment range charged and the sentenced assessed was for, and in the range of, a second-degree felony. *See* TEX. PENAL CODE §12.33. To be convicted of a second-degree felony under former section 43.21(b), there must be an agreement to engage in sexual activity. *See* 2021 Tex. HB 1540, 2021 Tex. Gen. Laws 807, 2021 Tex. Ch

807, 2021 Tex. ALS 807 (former Penal Code section 43.021(b)) ("(2) a felony of the second degree if the person with whom the actor agrees to engage in sexual conduct…").[1] There was no agreement in this case; only an offer.[2] Thus, Carrillo-Velasquez could only be punished for a state jail felony, that is, confinement in a state jail for any term not more than two years or less than 180 days and a fine not to exceed $10,000. TEX. PENAL CODE § 12.35. Because Carrillo-Velasquez was sentenced outside the range of punishment for a state jail felony, his sentence is illegal.

Accordingly, Carrillo-Velasquez's first issue is sustained, and the judgment in Count I is reversed and remanded to the trial court for a new trial on punishment only.

**ABILITY TO PAY**

In his second issue, Carrillo-Velasquez contends the trial court erred in failing to conduct an on-the-record ability-to-pay inquiry pursuant to article 42.15(a-1) of the Texas Code of Criminal Procedure.[3] The Court of Criminal Appeals has recently held that the failure to conduct an article 42.15(a-1) hearing is forfeitable by failing to object. *Cruz v. State*, No. PD-0628-23, 698 S.W.3d 265, 2024 Tex. Crim. App. LEXIS 653, * 14 (Crim. App.

---

[1] Subsection (1) is not applicable to this case.

[2] Section 43.021(b)(2) was amended in 2023 to include the word "offer" in the second-degree felony punishment language; but the Legislature also provided that, "The change in law made by this article applies only to an offense committed on or after the effective date of this Act. *An offense committed before the effective date of this Act is governed by the law in effect on the date the offense was committed*, and the former law is continued in effect for that purpose. For purposes of this section, an offense was committed before the effective date of this Act if any element of the offense occurred before that date." Acts 2023, 88th Leg., Ch. 93 (SB 1527), § 2.11. The effective date of the amendment was September 1, 2023, well after the date of the offense in this case.

[3] Because we have already determined that the judgment in Count I is to be reversed and remanded for a new punishment trial, our analysis of this issue is limited to the conviction in Count II.

Sep. 4, 2024) (publish). Carrillo-Velasquez concedes that he did not object. Accordingly, Carrillo-Velasquez has forfeited his complaint by not objecting, and his second issue is overruled.

**CONCURRENT FINES**

By his last issue, Carrillo-Velasquez claims the trial court erred in cumulating his fines. The jury assessed a $5,000 fine for each of Carrillo-Velasquez's two convictions. The judgments for each conviction reflected a $5,000 fine and ordered the sentences to run concurrently. Carrillo-Velasquez argues that this Court should reform the judgments to reflect a fine totaling only $5,000; in other words, delete the fine from one of the judgments. Because the judgment of conviction in Count I has been reversed and remanded for a new trial on punishment, this issue has been rendered moot.

Accordingly, Carrillo-Velasquez's third issue is overruled.

**CONCLUSION**

Having sustained Carrillo-Velasquez's first issue and overruled Carrillo-Velasquez's second and third issues, we reverse the trial court's Judgment of Conviction by Jury, Count No. I, signed on November 1, 2023, and remand that Judgment to the trial court for a new trial on punishment only. We affirm the trial court's Judgment of Conviction by Jury, Count No. II, signed on November 1, 2023.

LEE HARRIS
Justice

Before Chief Justice Johnson,
        Justice Smith, and
        Justice Harris
Reversed and remanded in part; Affirmed in part
Opinion delivered and filed January 23, 2025
Do not publish
[CRPM]

